THE STATE, EX REL. HUMBLE, APPELLEE, *v.* MARK
CONCEPTS, INC., ET AL., APPELLANTS.

(No. 78-1517—Decided November 28, 1979.)

*Messrs. Smith & Schnacke* and *Mr. Gary W. Auman,* for
appellee.

*Messrs. Young, Pryor, Lynn, Falke & Jerardi* and *Mr.
Gary W. Gottschlich,* for appellant Mark Concepts, Inc.

*Mr. William J. Brown,* attorney general, and *Mr.
Solomon Hertzel Basch,* for appellants Administrator,
Bureau of Workers' Compensation, and Industrial Commission.

GREY, J. Appellee Humble was working on a mechanical
power press when injured. This power press is a device con-

sisting, essentially, of a base and ram which goes up and down. Dies are attached to the base and the ram, and metal is inserted between the dies. In the operating cycle the ram comes down under great pressure and the metal is pressed between the two dies to be formed into the desired shape. Because of the danger to the operator, the Industrial Commission has promulgated rules requiring the use of safety devices to prevent an operator's hands from being caught between the dies during the operating cycle.

Regulation IC-5-08.03 provides:

"POWER PRESSES

"(A) GUARDING

"(1) Construction

"Every power press in use shall be constructed, or shall be guarded to prevent the hands or fingers of the operator from entering the danger zone during the operating cycle."

The various methods of guarding an operator's hands set forth in regulation IC-5-08.03 (B) include a two-hand tripping device and a limitation of the ram stroke on automatic feed presses. The power press Humble operated was equipped with dual palm button controls, but one of the buttons had been taped down allowing the press to run by pressing only one button. The dog pin, used to prevent the fly wheel from recycling, had been removed. Thus the press was not equipped with the required safety devices.

Regulation IC-5-08.03 (B) exempts the use of the specific safety devices, however, when the operator is setting up or trying out dies. The Industrial Commission found Humble was setting up and trying out the dies when injured, and therefore denied his application for the additional award.

Appellants contend that some evidence exists to prove Humble was trying out the dies; therefore, the decision denying the additional award was within the sound discretion of the commission.

The Court of Appeals decided the exception could not apply because Humble, although in the process of trying out the dies, had engaged the machine in an actual operating cycle. The Court of Appeals reasoned the exception could apply only to setting up and trying out activities which do not entail

putting the press through its operating cycle, and stated further that:

"Any other interpretation of the exception would provide no protection for the operator's hands or fingers even though he would, in the 'trying out' process, be putting the machine through the very same operating cycles that he would if actually the press were in full production."

The law in Ohio is well settled. The determination of disputed factual issues and the interpretation of regulations is within the sound discretion of the Industrial Commission. *State, ex rel. Allied Wheel Products, Inc.,* v. *Indus. Comm.* (1956), 166 Ohio St. 47, 50. This rule is sometimes referred to as the "some evidence" rule, *i.e.,* where the record contains some evidence to support the commission's factual findings, these findings will not be disturbed. *State, ex rel. General Motors Corp.,* v. *Indus. Comm.* (1975), 42 Ohio St. 2d 278, 283; *State, ex rel. Capitol City Excavating Co.,* v. *Indus. Comm.* (1978), 54 Ohio St. 2d 184, 188-189. Mandamus is available only upon a showing of abuse of discretion by the Industrial Commission. *State, ex rel. Haines,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 15, 16. Where the uncontested evidence shows a violation of a specific safety requirement the Industrial Commission has abused its discretion and mandamus will be granted. *State, ex rel. Truckey,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 132.

The Industrial Commission abused its discretion by interpreting IC-5-08.03 (B) to exempt all setting up and trying out activities from guarding requirements. At the time of the injury appellee Humble was adjusting the automatic feed mechanism. The power press was controlled by an improper one-hand tripping device which would not prevent the hands of the operator from entering the danger zone during the operating cycle, and the dog-pin limitation of the ram stroke had been removed. Humble was injured when the machine went through its operating cycle. *State, ex rel. Truckey, supra,* at page 134, notes that the statutory intent of the regulations is to provide reasonable safety for employees at all times, not just when a particular piece of equipment is being used for a particular purpose. The uncontested evidence

shows the employer violated a specific safety requirement resulting in injury to the employee.

A clear legal right to a writ of mandamus having been established in accordance with *State, ex rel. Szekely,* v. *Indus. Comm.* (1968), 15 Ohio St. 2d 237, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

HERBERT, J., concurs in the syllabus.

GREY, J., of the Fourth Appellate District, sitting for HOLMES, J.