THE STATE, EX REL. DODSON, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Dodson, v. Indus. Comm. (1980), 62 Ohio St. 2d 408.]

(No. 80-277—Decided June 25, 1980.)

*Edward J. Cox Co., L.P.A., Mr. Edward J. Cox, Sr., Bustamante, Donohoe & Palmisano Co., L.P.A., Mr. John H. Bustamante* and *Mr. Harry R. Paulino,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Solomon H. Basch,* for appellee Industrial Commission.

*Messrs. Thompson, Hine & Flory, Mr. Arthur F. Zalud* and *Mr. Matthew J. Hatchadorian,* for appellee National Acme Co.

*Per Curiam.* This court has enunciated the "some evidence" rule recently in *State, ex rel. Humble,* v. *Mark Concepts, Inc.* (1979), 60 Ohio St. 2d 77, 79, as follows:

"***[W]here the record contains some evidence to support the commission's factual findings, these findings will not be disturbed. *State, ex rel. General Motors Corp.,* v. *Indus. Comm.* (1975), 42 Ohio St. 2d 278, 283; *State, ex rel. Capitol City Excavating Co.,* v. *Indus. Comm.* (1978), 54 Ohio St. 2d 184, 188-189."

The commission stated in its decision that it relied, *inter alia,* upon "evidence in the file." Under R. C. 4123.10, the commission "shall not be bound by the usual common law or statutory rules of evidence***." In addition, the commission file is replete with material of a quasi-evidentiary nature which would support the commission's determination and satisfy the "some evidence" rule. For instance, appellant filed suit for injuries sustained in an automobile accident in 1969, including sprain and contusion of the musculature of the lumbo-sacral spinal region and aggravation of pre-existing arthritis in the spinal region and left knee. In 1967, appellant sued for injuries allegedly received from a fall in a laundromat including injuries to her head, back, left arm, right leg, and limitation of motion and pain regarding her back, arms, and legs. In addition, appellant was repeatedly treated at the Cleveland Clinic for recurrent pain in her knees prior to her alleged industrial accident.

In view of the extensive medical history of appellant, there was definitely some evidence in appellant's file upon which the commission could base its finding that she is permanently and totally disabled but not as a result of the allowed injuries.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ.; concur.