446

THE STATE, EX REL. G F BUSINESS EQUIPMENT, INC., *v.*
INDUSTRIAL COMMISSION OF OHIO ET AL.

(No. 80-1350—Decided June 17, 1981.)

*Messrs. Harrington, Huxley, & Smith* and *Mr. Robert A.
Lenga,* for relator.

*Mr. William J. Brown,* attorney general, and *Mr. Lee M. Smith,* for respondent Industrial Commission.

*Mr. John R. Workman,* for respondent Floyd Burris.

*Per Curiam.* Relator contends that the commission abused its discretion in sustaining claimant's motion for permanent total disability benefits. We find this contention to be without merit.

Essentially, relator asks this court to reweigh the medical evidence. It is well established that "***the determination of disputed factual situations is within the final jurisdiction of the Industrial Commission, and subject to correction by action in mandamus only upon a showing of abuse of discretion." *State, ex rel. Haines,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 15, 16. See, also, *State, ex rel. Reed,* v. *Indus. Comm.* (1965), 2 Ohio St. 2d 200; *State, ex rel. Allied Wheel Products,* v. *Indus. Comm.* (1956), 166 Ohio St. 47.

This court has repeatedly held that where the record contains some evidence which supports the commission's factual findings, such findings will not be disturbed. *State, ex rel. Humble,* v. *Mark Concepts, Inc.* (1979), 60 Ohio St. 2d 77; *State, ex rel. Davis,* v. *Indus. Comm.* (1979), 60 Ohio St. 2d 160; *State, ex rel. Republic Steel,* v. *Indus. Comm.* (1980), 61 Ohio St. 2d 193; *State, ex rel. Dodson,* v. *Indus. Comm.* (1980), 62 Ohio St. 2d 408. Examination of the record indicates that the medical opinions of Dr. Kravec and Dr. Dombczewsky constitute some evidence which support the commission's factual determinations.

Accordingly, the writ of mandamus is denied.

*Writ denied.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.