396

THE STATE, EX REL. ALLERTON, APPELLANT, *v.*
INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Allerton, v. Indus. Comm. (1982),
69 Ohio St. 2d 396.]

(No. 81-902—Decided February 24, 1982.)

*Messrs. Thompson, Meier & Dersom, Mr. Harold C. Meier* and *Mr. William A. Meier,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. James E. Uprichard, Jr.,* for appellee Industrial Commission.

*Per Curiam.* This court has often stated that "the determination of disputed factual situations is within the final jurisdiction of the Industrial Commission, and subject to correction by action in mandamus only upon a showing of abuse of discretion." *State, ex rel. Haines,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 15, 16. See, also, *State, ex rel. Reed,* v. *Indus. Comm.* (1965), 2 Ohio St. 2d 200; *State, ex rel. Allied Wheel Products,* v. *Indus. Comm.* (1956), 166 Ohio St. 47. Furthermore, where the record contains some evidence which supports the commission's factual findings, those findings will not be disturbed. *State, ex rel. G F Business Equip., Inc.,* v. *Indus.*

*Comm.* (1981), 66 Ohio St. 2d 446; *State, ex rel. Humble,* v. *Mark Concepts, Inc.* (1979), 60 Ohio St. 2d 77; *State, ex rel. Davis,* v. *Indus. Comm.* (1979), 60 Ohio St. 2d 160; *State, ex rel. Dodson,* v. *Indus. Comm.* (1980), 62 Ohio St. 2d 408.

Citing this court's holding in *State, ex rel. Anderson,* v. *Indus. Comm.* (1980), 62 Ohio St. 2d 166, appellant contends that the commission abused its discretion when the medical reports of Drs. Turton and McCloud were relied upon to deny the claim for permanent total disability benefits.

In *State, ex rel. Anderson,* v. *Indus. Comm.,* a permanent total disability award was sought based upon the combined effect of two previously allowed conditions. The claimant was examined by no less than seven physicians, two of whom concluded that the claimant was permanently and totally disabled from the combined effect of her injuries. The commission denied permanent total disability, relying upon reports from physicians who found partial disability for only one condition. Those physicians, however, expressed no opinion as to the existence of the other allowed condition. In effect, the commission utilized a procedure whereby physicians' percentages, regarding partial disability, were totaled to arrive at a figure which was less than 100 percent permanent total disability.

Recognizing that partial disability from two or more allowed conditions may render a claimant permanently and totally disabled, even though neither condition standing alone is sufficient to justify an award of permanent total disability, this court stated:

"While it may not always be necessary that the physicians evaluate *every* condition allowed in a claim, we do find that where the issue before the commission is whether a claimant is permanently and totally disabled on account of the combined effect of two or more allowed conditions, medical testimony not evaluating the combined effect of those conditions cannot constitute evidence that the claimant is not permanently and totally disabled." *Id.* at page 168.

We agree with the appellant that the medical report of Dr. McCloud cannot withstand the standard enunciated in *Anderson,* since the report failed to consider the combined effect of the previously allowed conditions.

Appellant reasons, however, that the commission's re-

liance upon Dr. Turton's report, in which he concluded that no psychiatric impairment existed, contravenes the evidentiary rule contained in *Anderson,* because he failed to evaluate all of appellant's allowed conditions. In essence, appellant contends that whenever a claimant seeks a permanent total disability determination based upon the combined effect of two or more allowed conditions, the only evidence which the commission may consider is that evidence which evaluates the combined effect of those conditions, even where, as here, a physician concludes that one condition is nonexistent. Appellant's contention is not well taken.

After Dr. Turton found no evidence of a disability related to psychiatric illness, the need to evaluate the combined effect of the two conditions was obviated since, from his perspective, one of the two disabilities which appellant claims, when combined, justify an award of permanent total disability, did not exist. We, therefore, find that Dr. Turton's medical report constitutes some evidence upon which the commission could rely. Accordingly, since the record contains some evidence supporting the factual findings of the commission, those findings will not be disturbed. *State, ex rel. Dodson,* v. *Indus. Comm., supra.*

For the foregoing reasons, the judgment of the Court of Appeals denying the writ is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, LOCHER, HOLMES and KRUPANSKY, JJ., concur.

SWEENEY and C. BROWN, JJ., dissent.

CLIFFORD F. BROWN, J., dissenting. The judgment of the Court of Appeals denying a writ of mandamus to compel the Industrial Commission to find relator permanently and totally disabled should be reversed. Therefore, I dissent.

The finding and order of the Industrial Commission that relator was not permanently and totally disabled relied upon medical reports of Drs. Turton and McCloud. This evidence has no probative value because neither doctor evaluated the combined effect of the allowed conditions in relator's claim as required by this court's holding in *State, ex rel. Anderson,* v.

*Indus. Comm.* (1980), 62 Ohio St. 2d 166. The Court of Appeals correctly concluded that Dr. McCloud's medical report cannot constitute evidence under the *Anderson* test, but reached a wrong decision denying relator's claim for permanent and total disability, nevertheless. Likewise, the psychiatric report of Dr. Turton does not meet the *Anderson* test because he failed to evaluate relator's allowed conditions.

The Industrial Commission in response to a request for admissions stated that Drs. Ridgeway, Castetter and Korb each considered relator permanently and totally disabled. Dr. Goold, a psychiatrist, diagnosed only a depressive neurosis and gave no opinion as to permanent and total disability.

Thus the factual posture of this case is one where the only probative, reliable evidence standing uncontradicted by any other lawfully cognizable evidence is that of Drs. Ridgeway, Castetter and Korb that relator is permanently and totally disabled.

The Industrial Commission abused its discretion in finding relator not permanently and totally disabled. The relator was entitled as a matter of clear right to a writ requiring the commission to find relator permanently and totally disabled, and to award him benefits accordingly.

This case is factually similar to the case of *State, ex rel. Teece,* v. *Indus. Comm.* (1981), 68 Ohio St. 2d 165, and for the same reason as expressed in my dissent therein, at pages 170 *et seq.,* the meaningless, rubber stamp "some evidence" test used to validate unjust decisions of the Industrial Commission, as in the case here, should be eliminated from Ohio case law. The so-called "some evidence" test is an abdication of the judicial function to the Industrial Commission, containing a message from this court to the commission that "anything goes." I will not be part of such a rubber stamp action.

SWEENEY, J., concurs in the foregoing dissenting opinion.