THE STATE, EX REL. HUDSON, APPELLANT, *v.* INDUSTRIAL COMMISSION OF
OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Hudson, *v.* Indus. Comm. (1984),
12 Ohio St. 3d 169.]

(No. 83-1035—Decided July 25, 1984.)

*Gallon, Kalniz & Iorio Co., L.P.A.,* and *Ms. Dorothy B. McCrory,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, *Mr. Douglas M. Kennedy* and *Mr. Lee M. Smith,* for appellee Industrial Commission.

*Messrs. Eastman & Smith, Mr. Richard T. Sargeant* and *Mr. John T. Landwehr,* for appellee Yellow Freight System, Inc.

*Per Curiam.* The court of appeals stated two reasons for its denial of the writ. First, the court found that the reports of Drs. Hein and Dorman indicated that appellant could do sedentary work and was thus fit for employment. Second, the court found that even if appellant was permanently and totally disabled, there was evidence in the file to support a finding that such disability was due to his unrelated eye condition, rather than the injuries recognized in his claim.

Appellant argues that all the evidence before the commission indicated that he was permanently and totally disabled from the allowed conditions when considered in view of his age, education and transferable skills. We disagree.

This court has consistently recognized that the determination of disputed facts is within the jurisdiction of the commission. It is within the authority of the commission to weigh credible evidence and to make decisions based thereon. *State, ex rel. Allerton,* v. *Indus. Comm.* (1982), 69 Ohio St. 2d 396 [23 O.O.3d 358]; *State, ex rel. Haines,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 15 [58 O.O.2d 70]; *State, ex rel. Allied Wheel Products, Inc.,* v. *Indus. Comm.* (1956), 166 Ohio St. 47 [1 O.O.2d 190].

The standard of review used by courts to determine the validity of the commission's findings is not subject to question. Where the record contains some evidence to support the commission's factual findings, such findings will remain undisturbed and are not subject to an action in mandamus. *State, ex rel. G F Business Equip., Inc.,* v. *Indus. Comm.* (1981), 66 Ohio St. 2d 446 [66 O.O.3d 379]; *State, ex rel. Dodson,* v. *Indus. Comm.* (1980), 62 Ohio St. 2d 408 [16 O.O.3d 439]; *State, ex rel. Humble,* v. *Mark Concepts, Inc.* (1979), 60 Ohio St. 2d 77 [14 O.O.3d 275]. This court will not reweigh the evidence presented to the commission. *State, ex rel. Mitchell,* v. *Robbins & Myers, Inc.*

(1983), 6 Ohio St. 3d 481.[1] See, also, *State, ex rel. G F Business Equip., Inc.,* *supra; State, ex rel. Kilburn,* v. *Indus. Comm.* (1982), 1 Ohio St. 3d 103, 105.

The record contains some evidence that appellant is not permanently and totally disabled. In fact, the reports of Dr. Hein and Dr. Dorman indicate that appellant is able to do sedentary work. In addition, Dr. Dillahunt stated that appellant is not suffering from permanent and total disability. Therefore, there is some evidence that appellant is fit for employment and the commission did not abuse its discretion in denying his motion for compensation for permanent total disability.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, LOCHER, HOLMES and HOFFMAN, JJ., concur.

SWEENEY and C. BROWN, JJ., dissent.

HOFFMAN, J., of the Fifth Appellate District, sitting for J. P. CELEBREZZE, J.

CLIFFORD F. BROWN, J., dissenting. I dissent because, for the following reasons, I agree with the appellant's contention that all the evidence before the commission indicated that the claimant was permanently and totally disabled from the allowed conditions when considered in view of his age, education and transferable skills.

I first note that the reports of Drs. Hein and Dorman were not specified in the commission's order as being the basis for its decision. In *State, ex rel. Mitchell,* v. *Robbins & Myers, Inc.* (1983), 6 Ohio St. 3d 481, 483-484, this court stated, "* * * district hearing officers, as well as regional boards of review and the Industrial Commission, must specifically state which evidence and only that evidence which has been relied upon to reach their conclusion, and a brief explanation stating why the claimant is or is not entitled to the benefits requested. Moreover, this court will no longer search the commis-

---

[1] In *State, ex rel. Mitchell, supra,* we also stated that:

"* * * district hearing officers, as well as regional boards of review and the Industrial Commission, must specifically state which evidence and only that evidence which has been relied upon to reach their conclusion, and a brief explanation stating why the claimant is or is not entitled to the benefits requested. Moreover, this court will no longer search the commission's file for 'some evidence' to support an order of the commission not otherwise specified as a basis for its decision." *Id.* at 483-484.

Due to the fact that the commission's order preceded the *Mitchell* decision, we decline to retrospectively apply its requirement in this case. However, if we were to do so, the commission clearly satisfied the requirement as it stated its reliance on the medical report of Dr. Dillahunt in denying appellant's request for permanent total disability benefits.

sion's file for 'some evidence' to support an order of the commission not otherwise specified as a basis for its decision."

There is no reason, if in fact the commission based its decision on the reports of Drs. Hein and Dorman, why it could not have so stated in its order. This case presents a situation, like that contemplated in *Mitchell*, where medical evidence is afforded greater credibility in a mandamus action than originally ascribed to it by the commission. This is simply another form of reweighing the medical evidence in a mandamus action — a practice which this court declines to follow. See, *e.g.*, *State, ex rel. G F Business Equip., Inc.*, v. *Indus. Comm.* (1981), 66 Ohio St. 2d 446 [20 O.O.3d 379].

Accordingly, review is confined to determining whether the commission's order is supported by the evidence specified, namely the reports of Drs. Reynolds and Dillahunt. The report of Dr. Reynolds clearly does not support the order of the commission inasmuch as it concludes that appellant is permanently and totally disabled.

The report of Dr. Dillahunt is less clear. On the one hand, it concludes "* * * that claimant does not suffer a PTD." However, in reaching this conclusion, Dr. Dillahunt reviewed the medical evidence on file and conceded that appellant "may be unable to perform substantial gainful activity due to age, education, economic conditions, [and] medical factors * * *."

As noted in *State, ex rel. Jennings*, v. *Indus. Comm.* (1982), 1 Ohio St. 3d 101, 102, the Medical Examination Manual issued by the commission's Medical Section states, at page vi, "* * * that permanent total disability '* * * is established when the injury has caused the injured worker to be unfit for sustained remunerative employment.' " Applying this definition of permanent total disability, Dr. Dillahunt's conclusion is neither consistent with nor supported by his findings. Thus, the findings of Dr. Dillahunt do not support the commission's order.

Where there is no evidence to support the order of the commission, an abuse of discretion is shown, and mandamus becomes appropriate. *State, ex rel. Hutton*, v. *Indus. Comm.* (1972), 29 Ohio St. 2d 9 [58 O.O.2d 66]; *State, ex rel. Kramer*, v. *Indus. Comm.* (1979), 59 Ohio St. 2d 39, 42 [13 O.O.3d 30].

For the foregoing reasons the judgment of the court of appeals should be reversed and the writ granted.

SWEENEY, J., concurs in the foregoing dissenting opinion.