THE STATE, EX REL. SCOTT, *v.* UNIROYAL, INC. ET AL.

[Cite as State, ex rel. Scott, *v.* Uniroyal, Inc. (1986),
25 Ohio St. 3d 35.]

(No. 84-628—Decided July 9, 1986.)

*Gallon, Kalniz & Iorio Co., L.P.A., William E. Takacs* and *William R. Menacher,* for relator.

*Anthony J. Celebrezze, Jr., Merl H. Wayman* and *Lee M. Smith,* for respondent Industrial Commission.

*Fuller & Henry* and *Richard S. Baker,* for respondent Uniroyal, Inc.

*Per Curiam.* The threshold question before the court is whether IC-5-03.07(A) meets the standards for a "specific" requirement set forth in Section 35, Article II of the Ohio Constitution and interpreted in *State,*

*ex rel. Holdosh,* v. *Indus. Comm.* (1948), 149 Ohio St. 179 [36 O.O. 516].[1]
IC-5-03.07(A) provides in pertinent part:

"(A)  DISENGAGING FROM POWER SUPPLY

"Means shall be provided at each machine, within easy reach of the operator, for disengaging it from its power supply. * *· *"

Since relator's hearing, this court in *State, ex rel. Harris,* v. *Indus. Comm.* (1984), 12 Ohio St. 3d 152, interpreted a regulation in relevant part identical to IC-5-03.07 and found that such regulation does constitute a specific safety requirement within the meaning of Section 35, Article II of the Ohio Constitution and *Holdosh.* In view of *Harris,* IC-5-03.07 does constitute a specific safety requirement.

Relator next questions whether respondent Industrial Commission's findings contain a specific enough statement of the evidence it relied upon and the reasons it found relator was not entitled to the requested additional award. Relator contends that the commission did not specify the evidence it relied upon and the reasons it denied the additional award, as required by *State, ex rel. Mitchell,* v. *Robbins & Myers, Inc.* (1983), 6 Ohio St. 3d 481. This court in *State, ex rel. Hudson,* v. *Indus. Comm.* (1984), 12 Ohio St. 3d 169, declined to apply the *Mitchell* specificity requirement retroactively. *Id.* at 171, fn. 1. The order in this case was issued prior to *Mitchell* and, thus, is not governed by that test.

The determinative issue thus becomes whether there was some evidence upon which the Industrial Commission could have based its factual conclusion that relator's injury was not the result of Uniroyal's violation of IC-5-03.07.

This court in *State, ex rel. Harris, supra,* interpreted a portion of a regulation identical to IC-5-03.07(A). In *Harris,* this court rejected the argument that the claimant's injuries could have been minimized had he been able to reach the controls at the time of the accident and disengage the machine he was operating. The court held that the Industrial Commission must consider whether the controls were within easy reach from the position in which the operator was normally situated for his regular duties. The court stated "* * *[i]t would be impossible to comply with * * * [the rule] if the controls had to be within easy reach of all possible positions in which the operator could find himself around the machine." *Id.* at 154.

Applying the *Harris* analysis to the case at bar, the controls which operate appellant's machine are at two locations. According to the commission investigator:

---

[1] "The term, 'specific requirement,' as used in Section 35, Article II of the Constitution of Ohio, does not comprehend a general course of conduct or general duties or obligations flowing from the relation of employer and employee, but embraces such lawful, specific and definite requirements or standards of conduct as are prescribed by statute or by orders of the Industrial Commission, and which are of a character plainly to apprise an employer of his legal obligations toward his employees." *State, ex rel. Holdosh, supra,* syllabus.

"* * * [T]he machine was actuated by an unguarded foot treadle control that was under the frame of the rollers and/or the operating controls that were located on the right side of the machine and about (38″) thirty-eight inches from where the claimant would stand while she operated the machine."

Additionally, photographic evidence substantiated that on the machine in question the unguarded foot treadle control is in front of the machine facing the operator. The operator could easily disengage the machine by operating the foot control immediately in front of her or by operating the control on the right side of the machine. Under normal circumstances when the operator is in her normal position performing her regular duties, the commission could reasonably infer that the foot control is within easy reach of the operator. Thus, under *Harris,* the machine is in compliance with requirements of IC-5-03.07(A), and there was sufficient evidence to support the commission's finding that relator's injury was not the result of Uniroyal's violation of a specific safety requirement.

Accordingly, the writ prayed for is denied.

*Writ denied.*

CELEBREZZE, C.J., SWEENEY, C. BROWN and DOUGLAS, JJ., concur.

LOCHER, HOLMES and WRIGHT, JJ., concur in judgment only.