OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Justine Michael, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

     The State ex rel. Jeep Corporation, Appellant, v.
Industrial Commission of Ohio et al., Appellees.
     [Cite as State ex rel. Jeep Corp. v. Indus. Comm.
(1992),     Ohio St.3d     .]
Workers' compensation -- Where statement of maximum medical
     improvement of an allowed condition is made by claimant's
     doctor, not only is that report not "some evidence"
     supporting continued temporary total compensation for that
     condition, it is justification for a self-insured employer
     to cease temporary total compensation without prior
     commission hearing.
     (No. 91-316 -- Submitted April 27, 1992 -- Decided August
12, 1992.)
     Appeal from the Court of Appeals for Franklin County, No.
89AP-568.
     Claimant-appellee, Larry Chickeral, was injured on March
12, 1985 while in the course of and arising from his employment
with appellant, Jeep Corporation ("Jeep"). Jeep, a self-insured
employer, immediately began paying temporary total disability
compensation.  On July 15, 1986, Jeep had claimant examined by
Dr. F.B. Hawkins.  Dr. Hawkins concluded that claimant's
allowed condition had reached maximum medical improvement.
     Shortly thereafter, Jeep moved appellee Industrial
Commission ("the commission") to terminate claimant's temporary
total disability compensation, submitting Dr. Hawkins' report
in support.  A district hearing officer on September 18, 1986
denied Jeep's motion, writing:
     "Claimant can not return to his former position of
employment within the restrictions indicated by Fred B.
Hawkins, M.D.
     "* * *
     "Temporary Total Disability compensation to be awarded
from date last paid through 9-29-86 and to continue upon the
submission of supporting medical evidence.
     "This decision is based on the medical reports of Drs.
Fred B. Hawkins (7-15-86) and Gerald O'Conner  [sic, O'Connor]."
     Neither party appealed.
     After paying temporary total compensation prospectively
through March 1, 1987, Jeep obtained the September 19, 1986

narrative of Dr. Gerald A. O'Connor, claimant's attending physician. In that report, O'Connor indicated that claimant had reached maximum medical recovery. Based on that report, Jeep refused to pay further temporary total compensation. A March 12, 1987 C-84 Attending Physician's Report from Dr. O'Connor reiterated his conclusion that claimant had reached maximum improvement.

On August 20, 1987, a hearing was held on claimant's entitlement to further temporary total compensation. The hearing officer held:

"Based on the allowed conditions of this claim and the reports of Drs. Hein, Hawkins and O'Connor, it is found that claimant's condition is permanent as defined in Vulcan Materials [Co.] v. Industrial Commission [(1986), 25 Ohio St.3d 31, 25 OBR 26, 494 N.E.2d 1125] and that no further compensation for Temporary Total Disability is to be paid effective 8-20-87. Based on the reports of Drs. Hein, Hawkins and O'Connor, the allowed conditions of this claim and the provisions of [R.C.] 4123.56, it is found that claimant was not able to return to his former position of employment through 8-19-87 and that compensation for Temporary Total Disability is to be paid from last date of payment through 8-19-87 only."

The order was administratively affirmed.

Jeep sought a writ of mandamus from the Court of Appeals for Franklin County, contesting the award of temporary total compensation from March 1, 1987 through August 19, 1987. The appellate court found that a July 22, 1987 C-84 by Dr. O'Connor was "some evidence" supporting the award and denied the writ.

This cause is now before this court upon an appeal as of right.

Eastman & Smith, John T. Landwehr and Thomas J. Gibney, for appellant.

Lee I. Fisher, Attorney General, Michael L. Squillace, Dennis L. Hufstader and Teresa Oglesby-McIntyre, for appellee Industrial Commission.

Gallon, Kalniz & Iorio Co., L.P.A., and Theodore A. Bowman, for appellee Chickeral.

Per Curiam. Jeep contends that the Hawkins, Hein and O'Connor reports are not "some evidence" supporting temporary total compensation from March 1, 1987 through August 19, 1987. Appellees counter that some evidence did exist, and that appellant cannot contest the award because appellant: (1) did not appeal the September 18, 1986 order extending temporary total compensation, and (2) was statutorily required to continue payments until compensation was terminated by the commission. Appellees' arguments fail.

The September 18, 1986 commission decision awarded compensation from "date last paid through 9-29-86 and to continue upon the submission of supporting medical evidence." Appellees maintain that Jeep, by not appealing this order, consented to pay temporary total compensation so long as claimant submitted "supporting medical evidence" of temporary total disability. Appellees' statement, while correct, however, ignores the fact that medical evidence of maximum medical improvement is not "some evidence" of temporary total

disability. Vulcan Materials Co. v. Indus. Comm. (1986), 25 Ohio St.3d 31, 25 OBR 26, 494 N.E.2d 1125.

Where a statement of maximum medical improvement of an allowed condition is made by the claimant's doctor, not only is that report not "some evidence" supporting continued temporary total compensation for that condition, it is justification for a self-insured employer to cease temporary total compensation without prior commission hearing. State ex rel. Jeep Corp. v. Indus. Comm. (1991), 62 Ohio St.3d 64, 577 N.E.2d 1095.

We must next determine whether the Hein, Hawkins or O'Connor reports are "some evidence" supporting temporary total disability compensation from March 1, 1987 through August 19, 1987. State ex rel. Burley v. Coil Packing, Inc. (1987), 31 Ohio St. 3d 18, 31 OBR 70, 508 N.E.2d 936. Dr. Hein's narrative clearly is not. Hein's opinion is not probative over the period preceding his June 24, 1987 exam. It cannot, therefore, support temporary total compensation from March 1, 1987 through June 23, 1987. In contrast, while his opinion is relevant for the period June 24, 1987 through August 19, 1987, Dr. Hein stated that claimant had reached maximum recovery. As a result, his report cannot be considered "some evidence" of temporary total disability over this latter period.

Dr. Hawkins' report is also not "some evidence" for two reasons. First, State ex rel. Zamora v. Indus. Comm. (1989), 45 Ohio St.3d 17, 543 N.E.2d 87, prohibits the commission from relying on a medical report that the commission had earlier found unpersuasive. In Zamora, the claimant simultaneously applied to have an additional psychiatric allowance and to have himself declared permanently totally disabled. The claimant was examined by various specialists, including Dr. Dennis W. Kogut, who stated that the claimant's depression preceded his industrial injury and that the contribution of the industrial injury to the depression was minimal.

The commission allowed the psychiatric condition and, in so doing, implicitly rejected Kogut's report. However, ten months later, the commission denied the application for permanent total disability based partially on Dr. Kogut's same narrative. The claimant challenged the commission's subsequent reliance on that report, arguing that once rejected, the report was removed from evidentiary consideration. We agreed.

Comparable facts exist here. Jeep, in initially moving to terminate temporary total compensation in 1986, submitted Dr. Hawkins' report as proof that claimant was not temporarily and totally disabled. In granting temporary total compensation, the commission inherently rejected, at a minimum, the doctor's conclusion that claimant had attained maximum improvement. The commission then relied on that report in its August 20, 1987 order. Under Zamora, the rejection of that report is sufficient to remove that document from further evidentiary consideration.

Second, even if properly before the commission, Dr. Hawkins' report concluded that claimant had reached maximum recovery. His report, therefore, did not substantiate a temporary total disability award.

The most controversial reports in this case are Dr. O'Connor's, particularly his July 22, 1987 C-84 report. Prior to that report, the doctor had, on September 19, 1986 and March

12, 1987, stated that his patient had reached maximum medical improvement. On July 22, 1987, Dr. O'Connor extended claimant's estimated return-to-work date to August, noting that claimant would "never attain complete recovery." The appellate court found that this report constituted "some evidence" supporting temporary total compensation. We disagree. Dr. O'Connor's July 22, 1987 impairment opinion is based in part on degenerative joint disease in both of claimant's knees, which is not an allowed condition in this claim. As such, the report does not constitute "some evidence."

In consideration of the above, we reverse the judgment of the court below.

Judgment reversed.

Moyer, C.J., Sweeney, Holmes and Wright, JJ., concur.

Douglas and Resnick, JJ., dissent.

H. Brown, J., not participating.

Douglas, J., dissenting. In this case, the Industrial Commission granted claimant temporary total disability compensation. A unanimous court of appeals, by denying appellant's requested writ, affirmed the decision of the fact-finding commission. The court of appeals found that this was a "some evidence" case and found, in Dr. O'Connor's report of July 22, 1987, some evidence to support the commission's decision. I would affirm the court of appeals.

Alice Robie Resnick, J., dissenting. I respectfully dissent from the majority decision. In this case relator's motion to terminate compensation was heard on August 20, 1987 by a district hearing officer, who issued an order finding, in pertinent part, as follows:

"Based on the allowed conditions of this claim and the reports of Drs. Hein, Hawkins and O'Connor, it is found that claimant's condition is permanent as defined in Vulcan Materials v. Industrial Commission and that no further compensation for Temporary Total Disability is to be paid effective 8-20-87. Based on the reports of Drs. Hein, Hawkins and O'Connor, the allowed conditions of this claim and the provisions of 4123.56, it is found that claimant was not able to return to his former position of employment through 8-19-87 and that compensation for Temporary Total Disability is to be paid from last date of payment through 8-19-87 only."

By order dated January 13, 1988, the regional board of review affirmed the district hearing officer's order. The Industrial Commission refused review. It would appear that a majority of this court are substituting their judgment for that of the fact finder in this case by interpreting the report of Dr. O'Connor and making a finding that his report does not provide some evidence that respondent was experiencing temporary total disability up to and including August 19, 1987.

It is an accepted premise that the determination of disputed facts is solely within the jurisdiction of the commission. Additionally, it is within the exclusive authority of the commission to weigh credible evidence and to make decisions based on that evidence. State ex rel. Hudson v. Indus. Comm. (1984), 12 Ohio St.3d 169, 12 OBR 237, 465 N.E.2d 1289; State ex rel. Allerton v. Indus. Comm. (1982), 69 Ohio St.2d 396, 23 O.O.3d 358, 433 N.E.2d 159; State ex rel. Haines v. Indus. Comm. (1972), 29 Ohio St.2d 15, 58 O.O.2d 70, 278

N.E.2d 24.

The commission refused to hear the appeal from the regional board and, thereby, in effect, found some evidence to support the finding of temporary total disability until August 19, 1987. In view of that fact we should not sit as a Supreme Industrial Commission and make a different factual finding as to Dr. O'Connor's report. An important additional consideration is that the reports of the doctors were factually confusing. Since Dr. O'Connor's July 22, 1987 report did contain some evidence of temporary total disability, the decision should remain in effect and not be subject to an action in mandamus. State ex rel. Hudson, supra; State ex rel. G F Business Equip., Inc. v. Indus. Comm. (1981) 66 Ohio St.2d 446, 20 O.O.3d 379, 423 N.E.2d 99. Hence, based on those facts I would affirm the decision of the court of appeals and deny the writ.

Douglas, J. concurs in the foregoing dissenting opinion.