OPINIONS OF THE SUPREME COURT OF OHIO
       The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
       Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
       NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


The State ex rel. Koonce, Appellant, v. Industrial Commission
of Ohio et al., Appellees.
[Cite as State ex rel. Koonce v. Indus. Comm. (1994),     Ohio
St.3d       .]
Workers' compensation -- Industrial Commission's continuing
       jurisdiction does not extend beyond the institution of
       mandamus proceedings -- Courts not precluded from ordering
       Industrial Commission, in mandamus action, to award
       permanent total disability benefits.
       (No. 93-1665 -- Submitted March 29, 1994 -- Decided June
15, 1994.)
       Appeal from the Court of Appeals for Franklin County, No.
92AP-1393.
       Appellant-claimant, Samuel Koonce, sustained two injuries,
in 1989 and in 1990, in the course of and arising from his
employment with appellee Dresser Industries, Inc., Marion
Division, and his workers' compensation claims were allowed.
He later applied to appellee Industrial Commission of Ohio for
permanent total disability compensation.  At his March 31, 1992
hearing, the commission voted to hold claimant's application in
abeyance pending an additional medical examination.  It appears
that Dr. J.Q. Brown performed that examination and concluded
that claimant had a twenty percent permanent partial impairment
that did not prevent sustained remunerative employment.
       The commission denied permanent total disability
compensation.  The commission's internal voting sheet indicated
that each of the three commissioners who elected to deny
permanent total disability compensation based his vote in part
on Dr. Brown's report.  The commission's order, however, did
not reference that report:
       "The reports of Drs. Eboh, Cunningham and Hutchison were
reviewed and evaluated.  This order is based particularly upon
the report of Dr. Hutchison, the evidence in the file and the
evidence adduced at the hearing.
       "Mr. Koonce is 61 years of age with a fifth grade
education and a 35 year work history as a building maintenance
worker.  The medical evidence relied upon by Mr. Koonce, the
report of Dr. Eboh, indicates Mr. Koonce is permanently and

totally disabled when the allowed conditions are factored with a consideration of his education and age. However, the report of Dr. Hutchison, as relied upon by the Commission, relates Mr. Koonce as only an 18% total body impairment from the allowed back conditions and no impairment from the allowed conditions to his hands. This report noted that the degenerative changes found in the diagnostic tests and upon examination are primarily a result of the normal aging process. This report concluded that Mr. Koonce could engage in sustained remunerative employment consistent with normal physical limitations placed upon a person of his age. When these low levels of impairment found by Dr. Hutchison are coupled with a consideration of the nature of the allowed conditions, the limited course of medical treatment over the history of his claim, and limited diagnostic test results, Mr. Koonce shall not be found to be permanently and totally disabled from the allowed conditions in the claims. It should be noted that a consideration of the nature of the allowed conditions and the low levels of impairment found by the Industrial Commission specialist outweigh any consideration of Mr. Koonce's age or limited education."

Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, claiming that the commission abused its discretion in denying permanent total disability compensation. Prior to the appellate court's decision, however, the commission, claiming continuing jurisdiction under R.C. 4123.52, vacated its order denying permanent total disability compensation, "since it is evident that a writ of mandamus will issue in consideration of a factual error in the order which cannot be rectified due to a change in the composition of the Commissioners who had voted." The commission then moved for summary judgment in the court of appeals, claiming that its decision to vacate its order rendered the action moot. The appellate court sustained the commission's motion and denied the writ.

This cause is now before this court upon an appeal as of right.

Stewart R. Jaffy & Associates Co., L.P.A., Stewart R. Jaffy and Marc J. Jaffy, for appellant.

Lee I. Fisher, Attorney General, and Gerald H. Waterman, Assistant Attorney General, for appellee Industrial Commission.

Vorys, Sater, Seymour & Pease and Robert A. Minor, for appellee Dresser Industries, Inc., Marion Division.

Per Curiam. The appellate court, in making its determination, did not have the benefit of this court's decision in State ex rel. Rodriguez v. Indus. Comm. (1993), 67 Ohio St.3d 210, 616 N.E.2d 929, which held that the commission's continuing jurisdiction does not extend beyond the institution of mandamus proceedings. As such, the commission abused its discretion in vacating the order.

Turning to the merits, we find two related aspects of the order particularly troubling. First is the amount of significance the commission attaches to the percentage of impairment assigned by Dr. Hutchison. Second is the erroneous suggestion that Hutchison attributed claimant's physical

limitations exclusively to his age, not his allowed conditions. It seems the commission disregarded a most germane aspect of Hutchison's report -- his conclusion that the allowed conditions precluded heavy lifting as well as frequent stooping and bending.

These restrictions set forth by Dr. Hutchison preclude claimant's return to his former job. More broadly, the restrictions effectively confine claimant to lighter -- possibly sedentary -- employment. The commission's order does not adequately explain how it determined that claimant's age, education and work history render claimant amenable to that type of work. Accordingly, we find that the requirement of State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203, 567 N.E.2d 245, has not been met.

Having reached this conclusion, we must determine the appropriate remedial option -- a return for further consideration and amended order pursuant to Noll or a writ of mandamus compelling a permanent total disability award under State ex rel. Gay v. Mihm (1994), 68 Ohio St.3d 315, 626 N.E.2d 666. We elect the latter. Given the evidence of record -- claimant's advanced age, extremely limited education and singular job history -- we are unpersuaded that a denial of compensation can be adequately justified should the cause be returned once more to the commission.

Accordingly, the judgment of the court of appeals is reversed and the writ is allowed.

Judgment reversed<br>and writ allowed.

A.W. Sweeney, F.E. Sweeney and Pfeifer, JJ., concur.
Douglas and Resnick, JJ., concur separately.
Moyer, C.J., and Wright, J., dissent.
Douglas, J., concurring. State ex rel. Gay v. Mihm (1994), 68 Ohio St.3d 315, 626, N.E.2d 666 stands for the proposition that courts will no longer be precluded from ordering permanent total disability compensation where a claimant clearly deserves such an award. In his dissent herein, Justice Wright attacks the holding in Gay and excoriates the majority in Gay for our search for "justice." Perhaps we are also old-fashioned in believing that at least one of the roles of courts is to be fair and to seek "justice," even in the face of continued vitriolic attempts to discredit our efforts in achieving those goals. In fact, as Justice Wright said in Morris v. Savoy (1991), 61 Ohio St.3d 684, 692, 576 N.E.2d 765, 772, "[s]omeone once said that if tempted by a sense of humanity, treat it not as a weakness, but grant it a measure of consideration."

Having submitted his dissent, in the case at bar, attacking Gay, Justice Wright fails to adequately explain his concurrence in the recent case of State ex rel. McGee v. Indus. Comm. (1994), 69 Ohio St.3d 370, N.E.2d , which, for its judgment, cites and relies on the holding and reasoning of Gay! Oh well, who ever said we should be consistent.

Resnick, J., concurs in the foregoing concurring opinion.
Moyer, C.J., dissenting. The reasons for my separate concurrence in State ex rel. Gay v. Mihm (1994), 68 Ohio St.3d 315, 626 N.E.2d 666, have been given new meaning by the

majority opinion in this case.  The majority has reviewed the commission file and made its own judgment, thereby disregarding the "some evidence rule."  A proper application of the rule in Gay has now been extended to place this court once again, as it was a number of years ago, in the position of second-guessing an administrative agency that should be permitted to exercise its discretion.  At the very most, we should return this case to the commission for further consideration and amended order pursuant to State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203, 567 N.E.2d 245.

For the foregoing reasons, I dissent from the judgment and opinion of the majority.

Wright, J., dissenting.    In State ex rel Gay v. Mihm (1994), 68 Ohio St.3d 315, 626 N.E.2d 666,, the majority of this court in attempting to dispense "justice" substantially eroded the "some evidence" rule adopted by this court in a myriad of cases in the past.  See, e.g., State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76, 26 OBR 66, 497 N.E.2d 70; State ex rel. Milburn v. Indus. Comm. (1986), 26 Ohio St.3d 119, 26 OBR 102, 498 N.E.2d 440; State ex rel. Hudson v. Indus. Comm. (1984), 12 Ohio St.3d 169, 12 OBR 237, 465 N.E.2d 1289; State ex rel. G F Business Equip., Inc. v. Indus. Comm. (1981), 66 Ohio St.2d 446, 20 O.O.3d 379, 423 N.E.2d 99; State ex rel. Dodson v. Indus. Comm. (1980), 62 Ohio St.2d 408, 16 O.O.3d 439, 406 N.E.2d 513; State ex rel. Humble v. Mark Concepts, Inc. (1979), 60 Ohio St.2d 77, 14 O.O.3d 275, 397 N.E.2d 403.  In the words of the majority in Gay, "where the facts of the case indicate that there is a substantial likelihood that a claimant is permanently and totally disabled, courts are not and will not be precluded from ordering the Industrial Commission, in a mandamus action, to award permanent total disability benefits notwithstanding the so-called 'some evidence' rule."  Gay, supra, syllabus.

I joined the Chief Justice in his well-reasoned and cogent dissent from this syllabus in Gay.  Chief Justice Moyer asked: "What does 'substantial likelihood' mean ***?  Which standard [substantial likelihood or some evidence] is to be applied by the court of appeals and this court?  How do the standards relate to each other?"  In my view, the majority in Gay may have fallen into the morass that prevailed prior to our return to the "some evidence" rule.  I submit that we will live to regret the plethora of appeals that will accrue as the result of Gay and its progeny.

Today we see just how far the majority will go in passing out a little "justice."

As pointed out by the majority in the facts but neglected in the body of its opinion, the Industrial Commission held Koonce's application for permanent total disability compensation in abeyance pending an additional medical examination by Dr. J. Q. Brown.  Dr. Brown concluded in his report that Koonce had only a twenty percent permanent partial impairment and that this did not prevent sustained remunerative employment.

One of the problems in this case -- in fact, in my belief the controlling issue -- stems from the discrepency between the commissioners' internal voting sheets and the commission's order denying permanent total disability compensation.  While

the voting sheets indicate that the commissioners relied, at least in part, on Dr. Brown's report, the denial order did not reference it. Rather, the order mentions only the medical reports of Drs. Eboh, Cunningham and Hutchison. The commission's order and rationale denying Koonce permanent total disability compensation is set forth below:

"The reports of Drs. Eboh, Cunningham and Hutchison were reviewed and evaluated. This order is based particularly upon the report of Dr. Hutchison, the evidence in the file and the evidence adduced at the hearing.

"Mr. Koonce is 61 years of age with a fifth grade education and a 35 year work history as a building maintenance worker. The medical evidence relied upon by Mr. Koonce, the report of Dr. Eboh, indicates Mr. Koonce is permanently and totally disabled when the allowed conditions are factored with a consideration of his education an age. However, the report of Dr. Hutchison, as relied upon by the Commission, relates Mr. Koonce as only an 18% total body impairment from the allowed back conditions and no impairment from the allowed conditions to his hands. This report noted that the degenerative changes found in the diagnostic tests and upon examination are primarily a result of the normal aging process. This report concluded that Mr. Koonce could engage in sustained remunerative employment consistent with normal physical limitations placed upon a person of his age. When these low levels of impairment found by Dr. Hutchison are coupled with a consideration of the nature of the allowed conditions, the limited course of medical treatment over the history of his claim, and limited diagnostic test results, Mr. Koonce shall not be found to be permanently and totally disabled from the allowed conditions in the claims. It should be noted that a consideration of the nature of the allowed conditions and the low levels of impairment found by the Industrial Commission specialist outweigh any consideration of Mr. Koonce's age or limited education."

Koonce, of course, filed for the writ of mandamus we have granted today. As any reader can see, regardless of whether the denial order specifically mentions Dr. Brown's report, the commission's conclusion in this case is supported not only by "some evidence" but by a substantial amount of reliable and probative evidence. Perhaps I am old-fashioned but the decision-making process should involve at least three factors:

(1) A search for "justice,"

(2) A rational reasoning process, and

(3) A respect for precedent and stability in the law.

The majority has ignored items 2 and 3 above. Thus, I must vigorously dissent from the majority's total departure from an appropriate review of this type of case.