THE STATE EX REL. KOONCE, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Koonce v. Indus.
Comm.* (1994), 69 Ohio St.3d 436.]

(No. 93–1665—Submitted March 29, 1994—Decided June 15, 1994.)

*Stewart R. Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy,* for appellant.

*Lee I. Fisher,* Attorney General, and *Gerald H. Waterman,* Assistant Attorney General, for appellee Industrial Commission.

*Vorys, Sater, Seymour & Pease* and *Robert A. Minor,* for appellee Dresser Industries, Inc., Marion Division.

---

*Per Curiam.* The appellate court, in making its determination, did not have the benefit of this court's decision in *State ex rel. Rodriguez v. Indus. Comm.* (1993), 67 Ohio St.3d 210, 616 N.E.2d 929, which held that the commission's continuing jurisdiction does not extend beyond the institution of mandamus proceedings. As such, the commission abused its discretion in vacating the order.

Turning to the merits, we find two related aspects of the order particularly troubling. First is the amount of significance the commission attaches to the percentage of impairment assigned by Dr. Hutchison. Second is the erroneous suggestion that Hutchison attributed claimant's physical limitations exclusively to his age, not his allowed conditions. It seems the commission disregarded a most

germane aspect of Hutchison's report—his conclusion that the allowed conditions precluded heavy lifting as well as frequent stooping and bending.

These restrictions set forth by Dr. Hutchison preclude claimant's return to his former job. More broadly, the restrictions effectively confine claimant to lighter—possibly sedentary—employment. The commission's order does not adequately explain how it determined that claimant's age, education and work history render claimant amenable to that type of work. Accordingly, we find that the requirement of *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245, has not been met.

Having reached this conclusion, we must determine the appropriate remedial option—a return for further consideration and amended order pursuant to *Noll* or a writ of mandamus compelling a permanent total disability award under *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666. We elect the latter. Given the evidence of record—claimant's advanced age, extremely limited education and singular job history—we are unpersuaded that a denial of compensation can be adequately justified should the cause be returned once more to the commission.

Accordingly, the judgment of the court of appeals is reversed and the writ is allowed.

*Judgment reversed*
*and writ allowed.*

A.W. Sweeney, Douglas, F.E. Sweeney and Pfeifer, JJ., concur.

Douglas and Resnick, JJ., concur separately.

Moyer, C.J., and Wright, J., dissent.

Douglas, J., concurring. *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666, stands for the proposition that courts will no longer be precluded from ordering permanent total disability compensation where a claimant clearly deserves such an award. In his dissent herein, Justice Wright attacks the holding in *Gay* and excoriates the majority in *Gay* for our search for "justice." Perhaps *we* are also old-fashioned in believing that at least one of the roles of courts is to be fair and to seek "justice," even in the face of continued vitriolic attempts to discredit our efforts in achieving those goals. In fact, as Justice Wright said in *Morris v. Savoy* (1991), 61 Ohio St.3d 684, 692, 576 N.E.2d 765, 772, "[s]omeone once said that if tempted by a sense of humanity, treat it not as a weakness, but grant it a measure of consideration."

Having submitted his dissent, in the case at bar, attacking *Gay,* Justice Wright fails to adequately explain his concurrence in the recent case of *State ex rel. McGee v. Indus. Comm.* (1994), 69 Ohio St.3d 370, 632 N.E.2d 887, which, for its

judgment, cites and relies on the holding and reasoning of *Gay!* Oh well, who ever said we should be consistent.

RESNICK, J., concurs in the foregoing concurring opinion.

MOYER, C.J., dissenting. The reasons for my separate concurrence in *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666, have been given new meaning by the majority opinion in this case. The majority has reviewed the commission file and made its own judgment, thereby disregarding the "some evidence rule." A proper application of the rule in *Gay* has now been extended to place this court once again, as it was a number of years ago, in the position of second-guessing an administrative agency that should be permitted to exercise its discretion. At the very most, we should return this case to the commission for further consideration and amended order pursuant to *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245.

For the foregoing reasons, I dissent from the judgment and opinion of the majority.

WRIGHT, J., dissenting. In *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666, the majority of this court in attempting to dispense "justice" substantially eroded the "some evidence" rule adopted by this court in a myriad of cases in the past. See, *e.g., State ex rel. Elliott v. Indus. Comm.* (1986), 26 Ohio St.3d 76, 26 OBR 66, 497 N.E.2d 70; *State ex rel. Milburn v. Indus. Comm.* (1986), 26 Ohio St.3d 119, 26 OBR 102, 498 N.E.2d 440; *State ex rel. Hudson v. Indus. Comm.* (1984), 12 Ohio St.3d 169, 12 OBR 237, 465 N.E.2d 1289; *State ex rel. G F Business Equip., Inc. v. Indus. Comm.* (1981), 66 Ohio St.2d 446, 20 O.O.3d 379, 423 N.E.2d 99; *State ex rel. Dodson v. Indus. Comm.* (1980), 62 Ohio St.2d 408, 16 O.O.3d 439, 406 N.E.2d 513; *State ex rel. Humble v. Mark Concepts, Inc.* (1979), 60 Ohio St.2d 77, 14 O.O.3d 275, 397 N.E.2d 403. In the words of the majority in *Gay,* "where the facts of the case indicate that there is a substantial likelihood that a claimant is permanently and totally disabled, courts are not and will not be precluded from ordering the Industrial Commission, in a mandamus action, to award permanent total disability benefits notwithstanding the so-called 'some evidence' rule." *Gay, supra,* syllabus.

I joined the Chief Justice in his well-reasoned and cogent dissent from this syllabus in *Gay.* Chief Justice Moyer asked: "What does 'substantial likelihood' mean * * *? Which standard [substantial likelihood or some evidence] is to be applied by the court of appeals and this court? How do the standards relate to each other?" In my view, the majority in *Gay* may have fallen into the morass that prevailed prior to our return to the "some evidence" rule. I submit that we will live to regret the plethora of appeals that will accrue as the result of *Gay* and its progeny.

Today we see just how far the majority will go in passing out a little "justice."

As pointed out by the majority in the facts but neglected in the body of its opinion, the Industrial Commission held Koonce's application for permanent total disability compensation in abeyance pending an additional medical examination by Dr. J.Q. Brown. Dr. Brown concluded in his report that Koonce had only a twenty percent permanent partial impairment and that this did *not* prevent sustained remunerative employment.

One of the problems in this case—in fact, in my belief the controlling issue—stems from the discrepancy between the commissioners' internal voting sheets and the commission's order denying permanent total disability compensation. While the voting sheets indicate that the commissioners relied, at least in part, on Dr. Brown's report, the denial order did not reference it. Rather, the order mentions only the medical reports of Drs. Eboh, Cunningham and Hutchison. The commission's order and rationale denying Koonce permanent total disability compensation is set forth below:

"The reports of Drs. Eboh, Cunningham and Hutchison were reviewed and evaluated. This order is based particularly upon the report of Dr. Hutchison, the evidence in the file and the evidence adduced at the hearing.

"Mr. Koonce is 61 years of age with a fifth grade education and a 35 year work history as a building maintenance worker. The medical evidence relied upon by Mr. Koonce, the report of Dr. Eboh, indicates Mr. Koonce is permanently and totally disabled when the allowed conditions are factored with a consideration of his education an age. However, the report of Dr. Hutchison, as relied upon by the Commission, relates Mr. Koonce as only an 18% total body impairment from the allowed back conditions and no impairment from the allowed conditions to his hands. This report noted that the degenerative changes found in the diagnostic tests and upon examination are primarily a result of the normal aging process. This report concluded that Mr. Koonce could engage in sustained remunerative employment consistent with normal physical limitations placed upon a person of his age. When these low levels of impairment found by Dr. Hutchison are coupled with a consideration of the nature of the allowed conditions, the limited course of medical treatment over the history of his claim, and limited diagnostic test results, Mr. Koonce shall not be found to be permanently and totally disabled from the allowed conditions in the claims. It should be noted that a consideration of the nature of the allowed conditions and the low levels of impairment found by the Industrial Commission specialist outweigh any consideration of Mr. Koonce's age or limited education."

Koonce, of course, filed for the writ of mandamus we have granted today. As any reader can see, regardless of whether the denial order specifically mentions Dr. Brown's report, the commission's conclusion in this case is supported not only by "some evidence" but by a substantial amount of reliable and probative

evidence. Perhaps I am old-fashioned but the decision-making process should involve at least three factors:

(1) A search for "justice,"

(2) A rational reasoning process, and

(3) A respect for precedent and stability in the law.

The majority has ignored items 2 and 3 above. Thus, I must vigorously dissent from the majority's total departure from an appropriate review of this type of case.