MEMORANDUM DECISION
On May 21, 1995, relator, Michael Smith, injured his back while employed by respondent Cyclops Corporation. Relator's subsequent application for workers' compensation benefits was allowed for "strain lower back; major depressive illness; [and] L5-S1 large central disc protrusion with compression of the thecal sac and L5-S1 annulus bulge." On August 14, 1991, relator filed an application for permanent total disability ("PTD") compensation with respondent Industrial Commission of Ohio ("commission"). That application was denied, and on August 26, 1998, relator filed this original action asking this court to issue a writ of mandamus directing the commission to vacate its April 8, 1998 order denying his application, and to enter an amended order granting PTD compensation.
On September 16, 1998, relator's complaint was referred to a magistrate of this court, pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth District Court of Appeals, who rendered a decision and recommendation which included comprehensive findings of fact and conclusions of law. Specifically, the magistrate analyzed the record and the briefs of the parties and concluded that this court should deny relator's request for a writ of mandamus as the commission's April 8, 1998 order was supported by some evidence and met the requirements set forth by the Ohio Supreme Court in State ex rel.Stephenson v. Indus. Comm. (1987), 31 Ohio St.3d 167, and State ex rel.Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203. The matter is now before this court on relator's objections to the magistrate's decision filed on May 17, 1999.
The issue presented in this case is whether there is some evidence in the record to support the commission's determination that relator is capable of performing some sustained remunerative employment. State ex rel. Hudson v.Indus. Comm. (1984), 12 Ohio St.3d 169, 170. Relator's objections notwithstanding, having thoroughly reviewed the record, we find that the magistrate correctly concluded that there is some evidence to support the commission's determination. Specifically, we note that the commission is entitled to determine which medical reports it finds more persuasive.State ex rel. Bell v. Indus. Comm. (1995), 72 Ohio St.3d 575, 577. In this case it did so, relying upon the reports of Drs. Martin, Hunter and Howard, and rejecting the report of Dr. Van Auken. See State ex rel. Pass v.C.S.T. Extraction Co. (1996), 74 Ohio St.3d 373, 376. Moreover, as the expert of nonmedical and vocational evidence, the commission acted within the accepted bounds of its discretion when it presented its own analysis of the nonmedical factors in this case. State ex rel. Jackson v. Indus. Comm.
(1997), 79 Ohio St.3d 266.
Having found no error in either the magistrate's decision or analysis, pursuant to Civ.R. 53(E) (4) (b), we adopt the magistrate's April 28, 1999 decision as our own, including the findings of fact and conclusions of law rendered therein. Therefore, we overrule relator's objections and, in accordance with the magistrate's decision, deny relator's request for a writ of mandamus.
Objections overruled; writ denied.
BRYANT and KENNEDY, JJ., concur.