THE STATE EX REL. WILCOX, APPELLANT, *v.* ASHTABULA COUNTY HIGHWAY
DEPARTMENT; INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Wilcox v. Ashtabula Cty.
Hwy. Dept.* (1992), 64 Ohio St.3d 190.]

(No. 91–232—Submitted April 7, 1992—Decided July 15, 1992.)

---

*Green, Haines, Sgambati, Murphy & Macala Co., L.P.A., Dennis Haines,
Ron Slipski* and *Steven Paulson,* for appellant.

*Lee I. Fisher,* Attorney General, and *Gerald H. Waterman,* for appellee.

*Per Curiam.* Both parties agree that the commission abused its discretion. The commission concedes that its order does not comply with *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245. The claimant, conversely, alleges a lack of some evidence supporting the commission's order.

Both parties are correct. The commission's boilerplate recitation of nonmedical disability factors does not satisfy *Noll.* *Noll* noncompliance, however, is overshadowed by the lack of "some evidence" supporting the commission's order. The only evidence relied on by the commission is the September 26, 1988 communication from the commission's rehabilitation division to the commission's legal section. That communication reads:

"This memo is to advise you that Mr. Ronnie Wilcox (BWC#PE675765) has not completed the evaluations authorized by this agency as a result of his motion for permanent total disability compensation.

"Mr. Wilcox has twice failed to appear for appointments scheduled for multidisciplinary evaluations at the J. Leonard Camera Center. This failure to appear has generated the closure of his case."

This communication is not "some evidence" indicating that claimant is capable of sustained remunerative employment.

The appellate court agreed that the commission's order constituted an abuse of discretion. In addition to vacating the order, however, the court directed the commission to suspend further consideration of claimant's application for permanent total disability compensation until claimant submitted to a rehabilitation evaluation. The court based its action on claimant's refusal to submit to scheduled rehabilitation evaluations and on former R.C. 4123.53, which stated:

"Any employee claiming the right to receive compensation may be required by the industrial commission to submit himself for a medical examination at any time * * *. If such employee refuses to submit to any such examination or obstructs the same, his right to have his claim for compensation considered, if his claim is pending before the commission, or to receive any payment for compensation theretofore granted, shall be suspended during the period of such refusal or obstruction."

Former R.C. 4123.53, however, applied exclusively to *medical* examinations, not vocational evaluations performed by the rehabilitation division. We thus find that former R.C. 4123.53 did not make a rehabilitation evaluation a precondition to further consideration of claimant's application for permanent total disability compensation.

We also reject claimant's entreaty that we direct the commission to issue an order granting him permanent total disability compensation. A lack of "some evidence" supporting denial of permanent total disability compensation does not automatically translate into "some evidence" supporting its award. *State ex rel. Lampkins v. Dayton Malleable, Inc.* (1989), 45 Ohio St.3d 14, 542 N.E.2d 1105. Accordingly, we return the cause to the commission for further consideration of the application.

We reverse that portion of the appellate court's judgment which suspended further consideration of claimant's application for permanent total disability compensation pending a rehabilitation evaluation. The remainder of the appellate court's judgment is affirmed.

*Judgment reversed in part*
*and affirmed in part.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.