THE STATE EX REL. KNOX, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Knox v. Indus. Comm.* (1994), 69 Ohio St.3d 360.]

(No. 93–635—Submitted March 29, 1994—Decided May 25, 1994.)

---

361

*Law Offices of James L. Mackin, James L. Mackin* and *Patrick J. Piccininni,* for appellant.

*Lee I. Fisher,* Attorney General, and *Jetta Mencer,* Assistant Attorney General, for appellee.

---

*Per Curiam.* None of the evidence before the commission found claimant *medically* incapable of all sustained remunerative employment. The success of claimant's application for permanent total disability compensation turned, therefore, on the commission's interpretation of nonmedical factors. In this case, the commission inherently concluded that the totality of claimant's nonmedical factors was vocationally favorable. Given our recent decision in *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666, we find that the commission abused its discretion in so determining.

The commission cited three nonmedical factors in its 1991 order. Because claimant's age and education were seen as liabilities to successful retraining, the commission's decision rested exclusively on claimant's work history, which the

commission felt "reflect[ed that] she retains the transferable skills to engage in sedentary job duties." This reasoning by the commission fails because claimant's work history has involved neither sedentary nor skilled labor.

The commission looked to claimant's experience as a "set up operator, farm worker, and assembly line operator," as examples of past skilled sedentary employment. However, the only evidence to address the nature of claimant's past work history characterized the positions as falling within the "light exertion" range of *un*skilled labor, according to Department of Labor guidelines. Claimant's work history, therefore, is not "some evidence" of a capacity for sedentary employment.

The lack of "some evidence" supporting a permanent total disability denial, however, does not automatically dictate its award. *State ex rel. Wilcox v. Ashtabula Cty. Hwy. Dept.* (1992), 64 Ohio St.3d 190, 593 N.E.2d 1390. Traditionally, we have returned such matters to the commission for further consideration and amended order. Our decision in *Gay*—of which the appellate court did not have the benefit—now allows a reviewing court to issue a writ compelling a permanent total disability award in those limited situations where a return of the cause to the commission would serve no purpose, given the evidence of record.

The parallels between this case and *Gay* are striking, and persuade us that *Gay* should control. Both claimants; for example, were medically limited to sedentary work. Both were of advanced age and possessed a low level of education—Gay, 9th grade, Knox, 5th or 6th grade—with a work history devoid of any sedentary occupational experience.

For these reasons, relief consistent with *Gay* is appropriate, dictating reversal of the decision of the court of appeals. The writ of mandamus is allowed.

*Judgment reversed*
*and writ allowed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

WRIGHT, J., dissents for the reasons stated in the Chief Justice's concurring opinion in *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666.