THE STATE EX REL. MCGEE, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. McGee v. Indus.
Comm.* (1994), 69 Ohio St.3d 370.]

(No. 93–641—Submitted March 29, 1994—Decided June 1, 1994.)

372

*Harris, Bella & Burgin* and *Jerald D. Harris,* for appellant.

*Lee I. Fisher,* Attorney General, and *Jetta Mencer,* Assistant Attorney General, for appellee.

---

*Per Curiam.* The medical evidence relied on by the commission found claimant medically capable of sedentary labor. The success of claimant's permanent total disability application turns, therefore, on the commission's interpretation of his nonmedical factors. Given the medical evidence relied on, the denial of permanent total disability compensation was necessarily predicated on the conclusion that the totality of claimant's nonmedical factors was vocationally favorable. Based on our recent decision in *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666, we find that the commission abused its discretion.

The commission cites no evidence in favor of the conclusion that claimant's nonmedical factors made him amenable to sedentary employment. To the contrary, the order specifically stated that claimant's age, education and work experience were *not* conducive to sedentary work, yet permanent total disability compensation was denied nonetheless.

We recognize that the absence of "some evidence" supporting denial of permanent total disability compensation, is not automatically "some evidence" supporting its award. *State ex rel. Wilcox v. Ashtabula Cty. Hwy. Dept.* (1992), 64 Ohio St.3d 190, 593 N.E.2d 1390. Traditionally, we have returned such orders to the commission for further consideration and amended order. *Gay* provides a new alternative, allowing us to issue a writ compelling a permanent total disability award in those circumstances where a return would be pointless.

This case falls squarely under *Gay*. It serves no purpose to return the matter to the commission to attempt to explain its decision when it has already conceded that claimant's nonmedical factors are not conducive to sedentary work. The commission's decision is essentially indefensible given the reasoning already cited by the commission itself, rendering further consideration inappropriate.

The appellate judgment is hereby reversed and the writ of mandamus is allowed.

*Judgment reversed*
*and writ allowed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

WRIGHT, J., concurs in judgment only.

WRIGHT, J., concurring in judgment only. I concur in the judgment of the majority only because, in my view, there was an abuse of discretion by the Industrial Commission. My belief that *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666, was poorly reasoned remains unchanged, and thus *Gay* should not be used as a basis for formulating a decision in this or any other case *except* where there is an abuse of discretion by the commission.