[This opinion has been published in *Ohio Official Reports* at 69 Ohio St.3d 370.]

THE STATE EX REL. MCGEE, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. McGee v. Indus. Comm.*, 1994-Ohio-88.]

*Workers' compensation—Courts not precluded from ordering Industrial Commission, in mandamus action, to award permanent total disability benefits notwithstanding the so-called "some evidence" rule, when.*

(No. 93-641—Submitted March 29, 1994—Decided June 1, 1994.)

APPEAL from the Court of Appeals for Franklin County, No. 92AP-14.

————————————

{¶ 1} Appellant-claimant, Robert McGee, sustained two industrial injuries while in the course of and arising from his employment with Celotex Corporation. The most recent, a 1986 back and hip injury, eventually resulted in a total left hip replacement. Claimant worked after the surgery for approximately fifteen months before continuing hip problems prompted another operation. The failure of this second surgery forced claimant from the workplace permanently on July 5, 1989.

{¶ 2} Later that year, claimant applied to appellee, Industrial Commission of Ohio, for permanent total disability compensation. He accompanied his application with two reports from attending physician Edward H. Miller, the latter of which concluded:

"Mr. Robert McGee has been under my care for many years and he has undergone a revision total hip replacement arthroplasty for aseptic loosening of the left total hip. He also has the residuals of an old compression fracture with localized areas of spondylosis. Both are symptomatic. Due to Mr. McGee's condition, he is unable to stand, sit or walk for any extended amount of time. It is my opinion that he is totally and permanently disabled."

**{¶ 3}** Claimant was examined on the commission's behalf by Dr. Arnold R. Penix, who felt that claimant could not return to his former position of employment, but could engage in sedentary sustained remunerative employment.

**{¶ 4}** On August 6, 1990, claimant's application was heard by an Industrial Commission district staff hearing officer who issued an interlocutory order awarding permanent total disability compensation from August 7, 1990 through November 16, 1990. On October 30, 1990, another hearing was held. At that time, the claimant submitted a vocational analysis from Henry J. Cohen, which stated in part:

"In terms of his education, Mr. McGee left school after completing the eighth grade. * * * His limited formal education has left him well below the norms of the average working population in the area of basic 3R skills. This is unfortunate considering his average intellectual capacity, oral communications skills and self-confidence. Mr. McGee did not undertake special trade skills training and was not promoted on his job to any supervisory or management capacity. He does possess specialized skill in semi-truck driving and some mechanical aptitude. However, his entire working career is limited to hands-on labor experiences in which strength, endurance and visual motor coordination were his primary assets.

"* * *

"From an overall vocational standpoint, the present study reveals that Mr. McGee's basic cognitive functions are intact, but his limited education, deficiencies in basic 3R skills, and lack of transferable job skills significantly reduce his marketability in the conventional workplace. While it is possible for him to be considered for service support activities, inspecting, stock checking work, etc., it is unlikely that employers would look upon him favorably given his limitations in mobility and endurance, lack of fundamental administrative skills, as well as his advanced age. Consequently, based upon his current vocational status, we conclude

that the odds against Mr. McGee's obtaining remunerative employment at this time are prohibitive."

{¶ 5} The commission held its decision in abeyance in order to obtain its own vocational evaluation. Vocational consultant James S. Albrink concluded:

"1. It is my opinion, based upon the allowed condition that Mr. McGee is permanently totally impaired from the work force.

"2. It is my opinion that based upon the allowed condition and other conditions, including age, education, experience, that Mr. McGee is permanently and totally impaired."

{¶ 6} Claimant was subsequently examined by Dr. Wayne C. Amendt, a commission specialist, who found claimant unable to return to his former job. Dr. Amendt limited claimant to "sedentary type[s] of work activities which would not require any prolonged standing or sitting for over one hour at a time. He would also be restricted from lifting objects in excess of ten pounds."

{¶ 7} On October 30, 1991, the commission issued a final order that denied permanent total disability compensation:

"The reports of Drs. Miller, Penix, Albrink and Amendt were reviewed and evaluated. This order is based particularly upon the reports of Drs. Penix and Amendt, a consideration of the claimant's age, education, work history * * *.

"Claimant is sixty four years old, has a sixth grade education and previously worked in the unskilled physical labor field and as a slate control operator. It is concluded that claimant is capable of performing sedentary work, and is therefore not permanently and totally disabled. The reports of Drs. Penix and Amendt were persuasive on this point. While claimant's age, education and work history are not conducive to sedentary work, those factors do not totally preclude claimant from obtaining said sedentary work."

{¶ 8} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying

permanent total disability compensation. The appellate court, concluding that the commission's order did not adequately explain its reasoning, vacated the order and returned the cause to the commission for further consideration and amended order pursuant to *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245.

{¶ 9} This cause is now before this court on appeal as of right.

_____

*Harris, Bella & Burgin* and *Jerald D. Harris*, for appellant.

*Lee I. Fisher*, Attorney General, and *Jetta Mencer*, Assistant Attorney General, for appellee.

_____

*Per Curiam.*

{¶ 10} The medical evidence relied on by the commission found claimant medically capable of sedentary labor. The success of claimant's permanent total disability application turns, therefore, on the commission's interpretation of his nonmedical factors. Given the medical evidence relied on, the denial of permanent total disability compensation was necessarily predicated on the conclusion that the totality of claimant's nonmedical factors was vocationally favorable. Based on our recent decision in *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666, we find that the commission abused its discretion.

{¶ 11} The commission cites no evidence in favor of the conclusion that claimant's nonmedical factors made him amenable to sedentary employment. To the contrary, the order specifically stated that claimant's age, education and work experience were not conducive to sedentary work, yet permanent total disability compensation was denied nonetheless.

{¶ 12} We recognize that the absence of "some evidence" supporting denial of permanent total disability compensation, is not automatically "some evidence" supporting its award. *State ex rel. Wilcox v. Ashtabula Cty. Hwy. Dept.* (1992), 64

Ohio St.3d 190, 593 N.E.2d 1390. Traditionally, we have returned such orders to the commission for further consideration and amended order. *Gay* provides a new alternative, allowing us to issue a writ compelling a permanent total disability award in those circumstances where a return would be pointless.

{¶ 13} This case falls squarely under *Gay*. It serves no purpose to return the matter to the commission to attempt to explain its decision when it has already conceded that claimant's nonmedical factors are not conducive to sedentary work. The commission's decision is essentially indefensible given the reasoning already cited by the commission itself, rendering further consideration inappropriate.

{¶ 14} The appellate judgment is hereby reversed and the writ of mandamus is allowed.

*Judgment reversed*
*and writ allowed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

───────────────

**WRIGHT, J., concurring in judgment only.**

{¶ 15} I concur in the judgment of the majority only because, in my view, there was an abuse of discretion by the Industrial Commission. My belief that *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 66, was poorly reasoned remains unchanged, and thus Gay should not be used as a basis for formulating a decision in this or any other case except where there is an abuse of discretion by the commission.

───────────────