[This opinion has been published in *Ohio Official Reports* at 69 Ohio St.3d 360.]

THE STATE EX REL. KNOX, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Knox v. Indus. Comm*., 1995-Ohio-41.]

*Workers' compensation—Courts not precluded from ordering Industrial Commission, in mandamus action, to award permanent total disability benefits notwithstanding the so-called "some evidence" rule, when.*

(No. 93-635—Submitted March 29, 1994—Decided May 25, 1994.)

APPEAL from the Court of Appeals for Franklin County, No. 92AP-55.

————————————

{¶ 1} Among other injuries, appellant-claimant, Mary B. Knox, sustained knee and back injuries in 1980 and 1981, in the course of and arising from her employment with Ranco, Inc. She has since undergone four surgeries related to her allowed knee condition. She has not worked since 1982.

{¶ 2} In 1986, claimant filed an application for permanent total disability compensation. Claimant's attending physician, Albert E. Becker, in an accompanying letter, wrote:

"At this time, considering Mrs. Knox's age, education, prior work experience and her current complaints, I do indeed feel that she is permanently and totally disabled [*sic*]. Please note that I feel that she is extremely poorly motivated to return to any gainful employment or to be retrained to support herself. It is highly unlikely that the cost and effort involved in a rehabilitation or retraining program would be effecacious [*sic*] in making her a productive member of society and I have in the past informed both you and Mrs. Knox that I do feel that she is totally and permanently disabled [*sic*]."

{¶ 3} Industrial Commission specialist Dr. Mark E. Weaver concluded that claimant could not return to her former position of employment but could do

sedentary work. He also felt that claimant's condition was "unlikely to improve with further medical treatment."

**{¶ 4}** Following Dr. Weaver's examination, claimant submitted a report from vocational consultant Steven Rosenthal. Rosenthal stated:

"Ms. Knox is a 63 year old with a 6th grade education. Work experience has been limited to an assembly line at Ranco (1972-81), rough cabinetmaking (5 years), and labor on a turkey farm. The work would generally be classified as light exertion, as defined by the Department of Labor (lifting of no more than 20 pounds at a time with frequent carrying of objects weighing up to 10 pounds). The skill level would fall within an unskilled category, as no prerequisite experience was necessary and the time of training was minimal. The prior jobs offered no transferrable skills.

"* * *

"In summary, Ms. Knox is a 63 year old with a 6th grade education, no skills, and has the residual functional capacity to perform sedentary work. For any job seeker, the act of securing work is not a simple task. Numerous factors play a part in determining the success or failure of the effort. In this situation, we have an individual limited to sedentary work. This category of work generally involves a predominance of seated work with lifting of objects under 10 pounds. Common jobs typically involve industrial positions (assembly, packaging, inspection), clerical, financial (accounting, inventory and bookkeeping, etc.), or phone responsibilities. Ms. Knox worked in an assembly task until 1981. No further work has been pursued. It is highly unlikely that she would be competitive with younger applicants. Similarly, employers would not offer serious consideration to this older worker. As one gets older, reaction time, strength, stamina, coordination all begin slowly to deteriorate. Employers do not want to retrain and they feel that an older worker will be more susceptible to illness or injury than younger workers. The office types of work will generally require more education, transferrable skills,

2

good communication and number skills. Thus the suggestions by Doctors to have Ms. Knox seek only sedentary work is physically sound, yet not vocationally realistic.

"The availability of work is also important in securing work. Ms. Knox resides in Adams County. The county only employs 7,000 workers and consistently has experienced high unemployment (15-20%). Thus, the number and type of positions would further restrict opportunities.

"The opportunity to retrain for a new career is yet another viable [*sic*]. In this case, the age and limited education would severely limit the potential areas for retraining. Within my 18 years of experience in rehabilitation counselling, the older worker with limited education has minimal opportunity in todays [*sic*] economy. As a result, the combination of factors causes me to believe that Ms. Knox is not capable of securing or maintaining sustained, remunerative employment."

{¶ 5} A permanent total disability hearing was held by appellee, Industrial Commission of Ohio, on December 6, 1989. Subsequent thereto, the commission obtained a report from Dr. Arnold R. Penix, who, like the physicians before him, felt claimant could not resume her former duties but could do sedentary work. In mid-1990, the commission denied claimant permanent total disability compensation in a standard boilerplate order. Claimant's subsequent complaint in mandamus prompted the Court of Appeals for Franklin County to return the cause to the commission for further evidentiary explanation consistent with *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245.

{¶ 6} Claimant submitted a new report from Dr. Becker, which reaffirmed his earlier conclusions, as well as an additional report from consultant Rosenthal. The latter reported:

"* * * Mrs. Knox is incapable of performing most sedentary jobs, based on limited education, unskilled work experience, and an inability to operate foot controls. Most sedentary jobs require either good academic skills, communication

or judgment skills, or recent production line experience.  Mrs. Knox also has not worked in nine years.  Employers will anticipate a slower adjustment and will not strongly consider her as an applicant.  Older applicants with a history of medical problems will also be suspect in their ability to sustain work without anticipated medical leave.

"As in my earlier report, I still believe Mary Knox remains substantially impaired by her medical and vocational restrictions. The length of unemployment, employer resistance and limited availability of unskilled, sedentary work further impede this client.  My opinion has not changed from my 1986 report, where I concluded that Mrs. Knox is unable to sustain remunerative employment."

{¶ 7} After further consideration, the commission, following a hearing on August 6, 1991, again denied permanent total disability compensation, stating:

"The reports of Doctors Becker, Weaver, Hutchison, Penix and vocational expert Mr. Rosenthal were reviewed and evaluated.

"This order is based particularly upon the reports [*sic*] of Doctors [*sic*] Penix, a consideration of the claimant's age, education,* * *.

"The weight of the evidence reflects that claimant is not permanently and totally disabled.  The objective findings contained with[in] the report of Dr. Penix reflect claimant can engage in sedentary types of job duties.  Claimant's relatively varied vocational history, [as a] set up operator, farm worker and assembly line operator, reflect[s] she retains the transferable skills to engage in sedentary job duties. Claimant's advanced age, (68), and limited education (5th grade) are impediments, but not complete barriers for her engaging in work activities.  While claimant's initial course of treatment did involve invasive surgery, the files reflect a relatively conservative level of treatment since 1985.  The conservative level of treatment reflect the allowed conditions are not completely work prohibitive."

{¶ 8} Claimant filed a second complaint in mandamus, again alleging that the commission abused its discretion in denying permanent total disability

4

compensation. The appellate court upheld the commission's order and denied the writ.

{¶ 9} This cause is now before this court upon an appeal as of right.

———————————

Law Offices of *James L. Mackin, James L. Mackin* and *Patrick J. Piccininni*, for appellant.

*Lee I. Fisher*, Attorney General, and *Jetta Mencer*, Assistant Attorney General, for appellee.

———————————

*Per Curiam.*

{¶ 10} None of the evidence before the commission found claimant *medically* incapable of all sustained remunerative employment. The success of claimant's application for permanent total disability compensation turned, therefore, on the commission's interpretation of nonmedical factors. In this case, the commission inherently concluded that the totality of claimant's nonmedical factors was vocationally favorable. Given our recent decision in *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666, we find that the commission abused its discretion in so determining.

{¶ 11} The commission cited three nonmedical factors in its 1991 order. Because claimant's age and education were seen as liabilities to successful retraining, the commission's decision rested exclusively on claimant's work history, which the commission felt "reflect[ed that] she retains the transferable skills to engage in sedentary job duties." This reasoning by the commission fails because claimant's work history has involved neither sedentary nor skilled labor.

{¶ 12} The commission looked to claimant's experience as a "set up operator, farm worker, and assembly line operator," as examples of past skilled sedentary employment. However, the only evidence to address the nature of claimant's past work history characterized the positions as falling within the "light

exertion" range of *un*skilled labor, according to Department of Labor guidelines. Claimant's work history, therefore, is not "some evidence" of a capacity for sedentary employment.

{¶ 13} The lack of "some evidence" supporting a permanent total disability denial, however, does not automatically dictate its award. *State ex rel. Wilcox v. Ashtabula Cty. Hwy. Dept.* (1992), 64 Ohio St.3d 190, 593 N.E.2d 1390. Traditionally, we have returned such matters to the commission for further consideration and amended order. Our decision in *Gay*—of which the appellate court did not have the benefit—now allows a reviewing court to issue a writ compelling a permanent total disability award in those limited situations where a return of the cause to the commission would serve no purpose, given the evidence of record.

{¶ 14} The parallels between this case and *Gay* are striking, and persuade us that Gay should control. Both claimants, for example, were medically limited to sedentary work. Both were of advanced age and possessed a low level of education—Gay, 9th grade, Knox, 5th or 6th grade—with a work history devoid of any sedentary occupational experience.

{¶ 15} For these reasons, relief consistent with *Gay* is appropriate, dictating reversal of the decision of the court of appeals. The writ of mandamus is allowed.

*Judgment reversed and writ allowed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

WRIGHT, J., dissents for the reasons stated in the Chief Justice's concurring opinion in State ex rel. Gay v. Mihm (1994), 68 Ohio St.3d 315, 626 N.E.2d 666.

———————————