THE STATE, EX REL. GF BUSINESS EQUIPMENT, INC., APPELLEE AND
CROSS-APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE;
HAYES, APPELLANT AND CROSS-APPELLEE.

[Cite as State, ex rel. GF Business Equipment, Inc., *v.* Indus. Comm.
(1982), 2 Ohio St. 3d 86.]

(No. 82-504—Decided December 29, 1982.)

*Messrs. Harrington, Huxley & Smith* and *Mr. Robert A. Lenga,* for GF Business Equipment, Inc.

*Mr. William J. Brown,* attorney general, and *Mr. Gerald H. Waterman,* for Industrial Commission.

*Mr. John R. Workman,* for Paul W. Hayes.

*Per Curiam.* It is well-settled that factual determinations are within the province of the Industrial Commission and may only be corrected by mandamus upon a showing of abuse of discretion. This principle is so well-established that only a few of the multitude of cases which so hold bear citation. See, *e.g., State, ex rel. Allerton,* v. *Indus. Comm.* (1982), 69 Ohio St. 2d 396, 397 [23 O.O.3d 358]; and *State, ex rel. Haines,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 15, 16 [58 O.O.2d 70]. We have also consistently adhered to the rule that where the record contains some evidence which supports the commission's factual findings, those findings will not be disturbed. Again, extensive citation is not required. See, *e.g., State, ex rel. Allerton, supra,* at 397; *State, ex rel. GF Business Equipment, Inc.,* v. *Indus. Comm.* (1981), 66 Ohio St. 2d 446 [20 O.O.3d 379]; and *State, ex rel. Dodson,* v. *Indus. Comm.* (1980), 62 Ohio St. 2d 408 [16 O.O.3d 439].

Here, the parties admit that the commission combined the five percent permanent partial disability referred to in Dr. Paloski's report with a finding that there was a seventy-five percent permanent partial disability as a result of Hayes' depressive neurosis to arrive at the eighty percent figure. At the outset, we agree with the court of appeals below when it stated:

"Where it is clear that an award is for permanent partial disability from two recognized conditions, there is no abuse of discretion in joining the awards to find a single percentage of permanent partial disability so long as the percentage applicable to each condition can be ascertained with certainty."

Thus, if there is some evidence in the record to support both the five percent and seventy-five percent findings of permanent partial disability, it necessarily follows that the commission's findings were not an abuse of discretion.

Three doctors evaluated Hayes' psychological condition. Their reports can be summarized as follows:

1. Dr. Nissim Benado reported that Hayes' psychological condition was a direct result of the industrial accident and that Hayes was sixty-five percent permanently partially disabled.

---

[1] Both GF Business Equipment, Inc., the employer, and Paul W. Hayes, the claimant, argue that the decision of the court below was in error, yet they reach opposite results in their arguments.

2. Dr. Bernard Greenberg placed Hayes' impairment at seventy to seventy-five percent, and described the disability as "long term."

3. Dr. Michael Szauter diagnosed Hayes' condition as depressive neurosis but declined to place a percentage on the degree of disability.

In performing their fact-finding duty, the commission evidently chose to accept the diagnosis of a permanent partial disability from Dr. Benado, the seventy-five percent figure of Dr. Greenberg's report, and Dr. Szauter's diagnosis that Hayes suffered from depressive neurosis. That being the case, we are satisfied that the commission did not abuse its discretion in concluding that Hayes suffered a seventy-five percent permanent partial disability as a result of depressive neurosis, there being some evidence to that effect.

Therefore, the crux of this case centers on the characterization of Dr. Paloski's report and his determination that Hayes was suffering a five percent permanent partial disability under R.C. 4123.57(B). The employer contends that Dr. Paloski's report indicates no conditions found that were not already compensated under R.C. 4123.57(C) for the fingers amputated and the loss of use of the right hand. On the other hand, both Hayes, and the commission maintain that Dr. Paloski found additional impairment above and beyond that which was previously awarded. Upon inspection of Dr. Paloski's report, it is unclear whether the diagnosis of a five percent permanent partial disability was for new conditions caused by the hand injury, or for injuries already compensated. Clearly, Hayes may not recover a scheduled award under R.C. 4123.57(C) in addition to recovering a percentage of permanent partial disability under R.C. 4123.57(B). However, if the five percent permanent partial disability figure in Dr. Paloski's report represents injuries in addition to those for which Hayes was already compensated, the five percent permanent partial disability award is allowable.

Therefore, the limited writ of mandamus will issue and require the Industrial Commission to state whether the figure in Dr. Paloski's report represents additional physical impairment. If it is determined that Dr. Paloski's diagnosis represents additional disability, the commission's finding of eighty percent permanent partial disability will not be deemed to be an abuse of discretion.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY and LOCHER, JJ., concur.

CLIFFORD F. BROWN, J., concurring. Because the *per curiam* opinion recognizes the continuing validity of the enigmatic "some evidence" rule (see dissents in *State, ex rel. Kilburn,* v. *Indus. Comm.* [1982], 1 Ohio St. 3d 103, at 105-106; *State, ex rel. Allerton,* v. *Indus. Comm.* [1982], 69 Ohio St. 2d 396, at 399-400 [23 O.O.3d 358]; *State, ex rel. Teece,* v. *Indus. Comm.* [1981], 68 Ohio St. 2d 165, at 170-174 [22 O.O.3d 400]), I concur in the judgment only.

KRUPANSKY, J., concurring. I agree a limited writ of mandamus should issue to require the commission to determine whether Dr. Paloski's diagnosis pertaining to Hayes' five percent physical disability relates to a new condition or to a previously compensated condition. However, in addition, I would order the commission to reevaluate the propriety of any finding of permanent partial disability based on depressive neurosis in excess of sixty-five percent since the evidence necessary to support an award above sixty-five percent is ambiguous, at best.

The award at issue contains two separate and distinct components to be evaluated on a permanent partial basis: (1) the psychiatric component for which the commission found Hayes to be seventy-five percent permanently partially disabled; and (2) the physical component for which Hayes' permanent partial disability was placed at five percent. Combining these two figures, the commission concluded Hayes was suffering from an eighty percent permanent partial disability.

While the majority opinion ostensibly affirms the judgment of the court of appeals, a closer look reveals this court is issuing only a limited writ of mandamus as to the five percent finding of disability pertaining to Hayes' physical condition. The majority simply ignores any problem with placing Hayes' psychiatric disability at seventy-five percent, despite the fact there is no evidence to substantiate such conclusion.

In granting the limited writ of mandamus, the court of appeals ordered the commission to "reconsider its order and to state the bases for its determination of eighty percent permanent partial disability. * * *" It is obvious from this statement the court of appeals intended the commission to pay special attention not only to the five percent award relating to Hayes' physical disability, but also to the extent of the award for Hayes' psychiatric condition. As stated by the court of appeals:

"* * * [T]here is some confusion in the order of the commission and there is no clear evidence supporting the total award. * * * With respect to neurosis, the claimant's doctor states he has a sixty-five percent permanent partial disability. The statement of Dr. Greenberg that the disability is in the range of seventy to seventy-five percent is ambiguous. At one point he refers to the disability as 'long term' and at another he refers to it as 'temporary.' We are unable to determine from the record upon what basis the Industrial Commission awarded the claimant eighty percent permanent partial disability."

Therefore, while the majority may represent that it is affirming the judgment of the court of appeals, plainly this is not the case since the majority clearly ratifies the commission's conclusion relating to Hayes' psychiatric condition of seventy-five percent permanent partial disability. For the following reason, I feel the majority's conclusion is erroneous since it failed to follow the judgment of the court of appeals and order the commission to reconsider any award greater than sixty-five percent.

In order to better understand this basic analysis it is important to ex-

amine the pertinent portions of the reports of Drs. Szauter, Benado and Greenberg.

Dr. Szauter's report summarizes as follows:

"Mr. Hayes is definitely suffering a Depressive Neurosis. I cannot say that his Neurosis is caused only by the accident at GF because the break up of his marriage has also caused him a great deal of depression. I do not think this condition is final, with proper treatment he can improve and work again. * * * Diagnosis: Depressive Neurosis.

"P.S. In my opinion, at least 50% of Mr. Hayes' disability comes from the original injury which changed his basic personality."

In Dr. Szauter's report he does not evaluate the fifty percent as applying to a permanent partial disability, nor does he relate this percentage solely to Hayes' psychiatric condition.

Dr. Benado's report states unequivocally:

"* * * The psychiatric disability is within the range of 65 percent partial and permanent. * * *"

Dr. Greenberg's report concludes with the very ambiguous statement:

"Mr. Haye's [sic] present psychological condition are [sic] the result of the industrial accident. Disability is within the range of 70-75% and will be long term."

In addition, Dr. Greenberg in a fee bill mailed to the Bureau of Workers' Compensation answered a series of questions as follows:

"Does claimant have a disability as a result of injury?
"Yes.
"If so, is it temporary or permanent?
"[T]emporary.
"Total or partial?
"[P]artial.
"If partial give percentage of physical disability?
"70-75%" (Emphasis added.)

In reaching its decision on the psychiatric aspect of Hayes' award, it appears the commission extracted only portions from each of the reports of these three doctors and then took these portions out of context to conclude Hayes was suffering a seventy-five percent permanent partial disability due to depressive neurosis. As explained by the majority, "* * * the commission evidently chose to accept the diagnosis of a permanent disability from Dr. Benado, the seventy-five percent figure of Dr. Greenberg's report, and Dr. Szauter's diagnosis that Hayes suffered from depressive neurosis." From this the majority accepted the commission's erroneous conclusions and stated, "* * * we are satisfied that the commission did not abuse its discretion in concluding that Hayes suffered a seventy-five percent permanent partial disability as a result of depressive neurosis, *there being some evidence to*

*that effect."* (Emphasis added.) I strongly disagree with the majority's analysis.

I would readily concede there is "some evidence" to support findings that: (1) Hayes was suffering from depressive neurosis (Dr. Szauter's report); (2) Hayes' psychiatric condition was a direct result of his work-related accident which rendered him sixty-five percent permanently partially disabled (Dr. Benado's report); and (3) Hayes was seventy to seventy-five percent disabled from his depressive neurosis, although it was unclear whether this disability was "temporary" or "permanent" (Dr. Greenberg's report). Conversely, there is *no evidence* to support the conclusion that Hayes' depressive neurosis rendered him seventy to seventy-five percent *permanently partially* disabled as a result of his psychiatric condition.

As stated above, the only doctor who places Hayes' disability to the extent of seventy-five percent is Dr. Greenberg; however, Dr. Greenberg never indicated Hayes' condition to be "permanent." To the contrary, in response to a question on the aforementioned fee bill asking whether the claimant Hayes' injury was temporary or permanent, Dr. Greenberg typed in the response "temporary." In fact, the only time Dr. Greenberg even arguably indicated a belief that Hayes' condition was "permanent" is found in his "Specialist's Report" wherein he states his opinion that "[d]isability is within the range of 70-75 percent and will be *long term.*" (Emphasis added.) Clearly, Dr. Greenberg's statement can not be said to constitute "some evidence" that Hayes is seventy-five percent *permanently* partially disabled.

In the absence of Dr. Greenberg's conclusions, the maximum percentage of permanent partial disability for which there is "some evidence" is Dr. Benado's assessment that Hayes is *sixty-five percent permanently partially* disabled. Therefore, while I agree with the majority that the commission should reevaluate Dr. Paloski's determination, I also believe any finding relating to Hayes' psychiatric condition which exceeds sixty-five percent is ambiguous and should be reassessed. Accordingly, unlike the majority, I would affirm the court of appeals in all respects, thus issuing the limited writ of mandamus and extending it to encompass an order that the commission reexamine any award of disability greater than sixty-five percent.

HOLMES, J., concurs in the foregoing concurring opinion.