383

THE STATE EX REL. GUISINGER, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO; CROWN-ZELLERBACH CORPORATION, APPELLANT.

[Cite as *State ex rel. Guisinger v. Indus. Comm.* (1995), 72 Ohio St.3d 383.]

(No. 93-2621—Submitted April 24, 1995—Decided June 28, 1995.)

384

*Robert B. Liss,* for appellee.

*Thompson, Hine & Flory, Janis Rosenthal* and *Timothy E. Cowans,* for appellant.

---

*Per Curiam.* Two questions are presented: (1) Is mandamus the appropriate remedy? and (2) Did the commission err in offsetting claimant's entitlement to former R.C. 4123.57(A) compensation by amounts previously paid under former R.C. 4123.57(B) and (C)? We answer only the first question in the affirmative.

CZC asserts that declaratory judgment provides claimant with an adequate remedy at law, thereby barring mandamus relief. This argument is unpersuasive for two reasons.

First, mandamus has been the accepted remedy in other cases addressing former R.C. 4123.57's offset provisions. See *State ex rel. Hammond v. Indus. Comm.* (1980), 64 Ohio St.2d 237, 18 O.O.3d 438, 416 N.E.2d 601; *State ex rel. GF Business Equip., Inc. v. Indus. Comm.* (1982), 2 Ohio St.3d 86, 2 OBR 639, 443 N.E.2d 147; *State ex rel. Maurer v. Indus. Comm.* (1989), 47 Ohio St.3d 62, 547 N.E.2d 979. Second, because declaratory judgment cannot provide complete relief in this case, it cannot provide adequate relief. *State ex rel. Fenske v. McGovern* (1984), 11 Ohio St.3d 129, 11 OBR 426, 464 N.E.2d 525. Even if claimant's statutory interpretation prevailed, he would still need an additional writ to compel payment of the requisite amount under R.C. 4123.57(A). The appellate court's judgment is, therefore, affirmed in this respect.

We now turn to the merits of the offset provisions of former R.C. 4123.57. Claimant was injured in 1969. R.C. 4123.57(A) at that time provided:

"(A) In case of injury or occupational disease resulting in partial disability *other than those exclusively provided for under division (C) of this section, the* employee shall receive * * *." (Emphasis added.)

Former R.C. 4123.57(B) also stated in part:

"The industrial commission, :ipon such application, shall determine the percentage of the employee's permanent disability, *except such as is subject to division (C) of this section,* based upon that condition of the employee resulting from the injury or occupational disease * * *." (Emphasis added.)

The present claimant first received R.C. 4123.57(C) benefits. Claimant then received R.C. 4123.57(B) benefits, but eventually switched his election to impaired-earning-capacity compensation under R.C. 4123.57(A). The commission deducted compensation paid under paragraphs (B) and (C) from the $10,000 maximum payable under R.C. 4123.57(A), leaving claimant with $25 in his 4123.57(A) "account."

Relying on former R.C. 4123.57(D), claimant contends that the commission abused its discretion in deducting the $1,575 in 4123.57(B) benefits from the $10,000 paragraph (A) maximum. R.C. 4123.57(D) reads:

. " * * * the amount of compensation paid for partial disability under division (A) of this section is not in addition to the compensation paid for permanent partial disability under division (B) or (C) of this section and the amount of compensation paid for partial disability under division (A) of this section shall be deducted from the amount of compensation payable for permanent partial disability under division (B) or (C) of this section but only one deduction shall be made if payments are made under both divisions (B) and (C) of this section for permanent partial disability involved *in the same claim.*" (Emphasis added.)

Paragraph (D) states that "only one deduction shall be made if payments are made under both divisions (B) and (C) of this section for permanent partial disability *involved in the same claim.*" (Emphasis added.) Claimant interprets "in the same claim" as meaning "for the same condition." However, as established in *Maurer,* citing *Hammond,* both *supra,* such a construction is impermissible. *Maurer* demonstrates that for purposes of R.C. 4123.57, "in the same claim" and "for the same condition" are very different terms. A claimant can collect paragraphs (B) and (C) compensation in the same claim if, for example, paragraph (C) benefits are paid for an amputated hand and paragraph (B) benefits are paid for a psychiatric condition also recognized in the claim. See *GF Business Equip., supra.* Paragraphs (B) and (C) compensation, however, cannot be paid for the same leg condition, even if that leg condition subsequently worsens to the point of amputation. *Maurer, supra.*

The "one deduction" language, therefore, does not apply in a case such as this, where claimant seeks paragraphs (A), (B) and (C) compensation for the same condition. Claimant's suggestion that he is not being compensated for the same injury fails. First, *Maurer* specifically states that a condition that worsens to the point of amputation does not constitute two distinct conditions. Second, claimant's argument fails chronologically as well. Claimant's amputation occurred before any compensation was sought under R.C. 4123.57. His condition at that time was already the "worsened" condition he seeks to allege as distinct.

Accordingly, that portion of the judgment of the court of appeals that found mandamus to be the proper remedy is affirmed. The remainder of the judgment is reversed.

*Judgment affirmed in part*
*and reversed in part.*

Moyer, C.J., Douglas, Wright, Resnick, F.E. Sweeney, Pfeifer and Cook, JJ., concur.