[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 383.]

THE STATE EX REL. GUISINGER, APPELLEE, *v.* INDUSTRIAL COMMISSION OF

OHIO; CROWN-ZELLERBACH CORPORATION, APPELLANT.

[Cite as State ex rel. Guisinger v. Indus. Comm., 1995-Ohio-122.]

*Workers' compensation—Industrial Commission does not err in offsetting claimant's entitlement to former R.C. 4123.57(A) compensation by amounts previously paid under former R.C. 4123.57(B) and (C).*

(No. 93-2621—Submitted April 24, 1995—Decided June 28, 1995.)

APPEAL from the Court of Appeals for Franklin County, No. 92AP-1436.

_____

{¶ 1} Appellee-claimant, Glen Guisinger, suffered a compound leg fracture in 1969 while in the course of and arising from his employment with appellant, Crown Zellerbach Corporation ("CZC"). Eventually, his injury forced a midcalf amputation, which condition was allowed by respondent Industrial Commission of Ohio.

{¶ 2} In 1972, claimant applied for scheduled-loss compensation for his amputation pursuant to former R.C. 4123.57(C). That motion was granted and claimant received $8,400 in paragraph (C) benefits.

{¶ 3} Claimant later requested a determination of his partial disability under former R.C. 4123.57. On June 17, 1982, a twelve percent permanent partial disability was found. Given the statutory option of receiving his award as a lump sum permanent partial disability compensation under R.C. 4123.57(B) or as bi-weekly impaired earning capacity benefits under former R.C. 4123.57(A), claimant elected the former, and was paid $1260 in paragraph (B) compensation. Claimant later received a permanent partial disability increase which resulted in an additional $315 in paragraph (B) compensation.

**{¶ 4}** In 1989, claimant moved to change his benefit election from paragraph (B) benefits to R.C. 4123.57(A) compensation. That motion was granted on October 23, 1989 for:

"* * * good cause * * * because his condition has become worse then [sic] could have been foreseen at the time of the original election. However, claimant has not documented that he suffered any impairment of earning capacity due to the industrial injury on 8-27-69. Therefore there is no basis for any award to be made under Paragraph A at this time." That motion was administratively affirmed by the regional board of review.

**{¶ 5}** Staff hearing officers, on appeal, modified the board's order on August 3, 1990, as follows:

"It is found that claimant has demonstrated an impairment of earning capacity due to the conditions allowed in this claim. However, it is further found that claimant has previously been awarded $8400.00 under former R.C. 4123.57(C) and $1575 under former R.C. 4123.57(B), for a total of $9,975.00. The statutory maximum award for 'temporary partial' compensation for an injury occurring in 1969 is $10,000 from which, per former R.C. 4123-57[sic](D), the $8,400.00 award must be deducted, leaving $1600.00 payable for 'temporary partial' compensation. As a change of election has been granted in this claim, the $1575.00 previously paid under R.C. 41233.57(B)[*sic*] must be deducted from $1600.00, leaving $25.00 currently payable in this claim under R.C. 4123.57(A)."

**{¶ 6}** Claimant successfully moved for reconsideration. The order generated therefrom on June 6, 1991, however, read:

"The 8-3-90 order of the Staff Hearing Officers is modified only to clarify the payment of compensation. It is found the claimant has demonstrated an impairment of earning capacity due to the conditions allowed in this claim. The change of election to 4123.57(A) entitles the claimant to a maximum of $8425.00 ($10,000.00 statutory maximum minus the $1575.00 paid under 4123.57[B].) This

conversion puts the claimant on the same level as if he had originally elected under paragraph (A). (The claimant should not be put in a better position through a change of election than if he had originally elected under [A].) In essence, it is saying that the claimant has previously received $1575.00 of his impairment of earning capacity award.

"Next, [R.C.] 4123.57(D) must be applied, as the statute indicates the amount of compensation paid for partial disability under division (A) is not in addition to the compensation paid for permanent partial disability under (C). Thus, the $8400.00 award under [R.C.] 4123.57(C) must be deducted from the $8425.00 impairment of earning capacity award, leaving $25.00 currently payable in this claim under R.C. 4123.57(A).

"The Staff Hearing Officers' order is affirmed in all other respects. * * *"

{¶ 7} Claimant sought a writ of mandamus from the Court of Appeals for Franklin County, alleging that the commission abused its discretion in offsetting the amount of compensation for which claimant was statutorily eligible under R.C. 4123.57(A) by the amounts previously paid under R.C. 4123.57(B) and (C). The appellate court agreed and also found that mandamus was the appropriate vehicle for relief.

{¶ 8} This cause is now before this court upon an appeal as of right.

_____

*Robert B. Liss*, for appellee.

*Thompson, Hine & Flory, Janis Rosenthal* and *Timothy E. Cowans*, for appellant.

_____

***Per Curiam.***

{¶ 9} Two questions are presented: (1) Is mandamus the appropriate remedy? and (2) Did the commission err in offsetting claimant's entitlement to

former R.C. 4123.57(A) compensation by amounts previously paid under former R.C. 4123.57(B) and (C)? We answer only the first question in the affirmative.

{¶ 10} CZC asserts that declaratory judgment provides claimant with an adequate remedy at law, thereby barring mandamus relief. This argument is unpersuasive for two reasons. First, mandamus has been the accepted remedy in other cases addressing former R.C. 4123.57's offset provisions. See *State ex rel. Hammond v. Indus. Comm.* (1980), 64 Ohio St.2d 237, 18 O.O. 3d 438, 416 N.E.2d 601; *State ex rel. GF Business Equip., Inc. v. Indus. Comm.* (1982), 2 Ohio St.3d 86, 2 OBR 639, 443 N.E.2d 147; *State ex rel. Maurer v. Indus. Comm.* (1989), 47 Ohio St.3d 62, 547 N.E.2d 979. Second, because declaratory judgment cannot provide complete relief in this case, it cannot provide adequate relief. State ex rel. Fenske v. McGovern (1984), 11 Ohio St.3d 129, 11 OBR 426, 464 N.E.2d 525. Even if claimant's statutory interpretation prevailed, he would still need an additional writ to compel payment of the requisite amount under R.C. 4123.57(A). The appellate court's judgment is, therefore, affirmed in this respect.

{¶ 11} We now turn to the merits of the offset provisions of former R.C. 4123.57. Claimant was injured in 1969. R.C. 4123.57(A) at that time provided:

"(A) In case of injury or occupational disease resulting in partial disability *other than those exclusively provided for under division (C) of this section, the* employee shall receive * * *." (Emphasis added.)

{¶ 12} Former R.C. 4123.57(B) also stated in part:

"The industrial commission, upon such application, shall determine the percentage of the employee's permanent disability, *except such as is subject to division (C) of this section*, based upon that condition of the employee resulting from the injury or occupational disease * * *." (Emphasis added.)

{¶ 13} The present claimant first received R.C. 4123.57(C) benefits. Claimant then received R.C. 4123.57(B) benefits, but eventually switched his election to impaired-earning-capacity compensation under R.C. 4123.57(A). The

commission deducted compensation paid under paragraphs (B) and (C) from the $10,000 maximum payable under R.C. 4123.57(A), leaving claimant with $25 in his 4123.57(A) "account."

{¶ 14} Relying on former R.C. 4123.57(D), claimant contends that the commission abused its discretion in deducting the $1,575 in 4123.57(B) benefits from the $10,000 paragraph (A) maximum. R.C. 4123.57(D) reads:

"* * * the amount of compensation paid for partial disability under division (A) of this section is not in addition to the compensation paid for permanent partial disability under division (B) or (C) of this section and the amount of compensation paid for partial disability under division (A) of this section shall be deducted from the amount of compensation payable for permanent partial disability under division (B) or (C) of this section but only one deduction shall be made if payments are made under both divisions (B) and (C) of this section for permanent partial disability involved *in the same claim*." (Emphasis added.)

{¶ 15} Paragraph (D) states that "only one deduction shall be made if payments are made under both divisions (B) and (C) of this section for permanent partial disability *involved in the same claim*." (Emphasis added.) Claimant interprets "in the same claim" as meaning "for the same condition." However, as established in *Maurer*, citing *Hammond*, both *supra*, such a construction is impermissible. Maurer demonstrates that for purposes of R.C. 4123.57, "in the same claim" and "for the same condition" are very different terms. A claimant can collect paragraphs (B) and (C) compensation in the same claim if, for example, paragraph (C) benefits are paid for an amputated hand and paragraph (B) benefits are paid for a psychiatric condition also recognized in the claim. See *GF Business Equip., supra.* Paragraphs (B) and (C) compensation, however, cannot be paid for the same leg condition, even if that leg condition subsequently worsens to the point of amputation. *Maurer, supra*.

**{¶ 16}** The "one deduction" language, therefore, does not apply in a case such as this, where claimant seeks paragraphs (A), (B) and (C) compensation for the same condition. Claimant's suggestion that he is not being compensated for the same injury fails. First, *Maurer* specifically states that a condition that worsens to the point of amputation does not constitute two distinct conditions. Second, claimant's argument fails chronologically as well. Claimant's amputation occurred before any compensation was sought under R.C. 4123.57. His condition at that time was already the "worsened" condition he seeks to allege as distinct.

**{¶ 17}** Accordingly, that portion of the judgment of the court of appeals that found mandamus to be the proper remedy is affirmed. The remainder of the judgment is reversed.

*Judgment affirmed in part*
*and reversed in part.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

———————————