[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 31.]

THE STATE EX REL. DINGESS, APPELLANT, *v.* INDUSTRIAL COMMISSION OF

OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Dingess v. Indus. Comm*., 1998-Ohio-300.]

*Workers' compensation—Denial of application for permanent partial disability*
*compensation for partial hearing loss by Industrial Commission not an*
*abuse of discretion, when—R.C. 4123.57 does not permit an award of*
*permanent partial disability compensation for partial hearing loss.*

(No. 95-1927—Submitted April 21, 1998—Decided May 20, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 94APD08-1113.

————————————

{¶ 1} In 1987, appellant-claimant, Lucian Dingess, alleged that he had sustained a partial hearing loss as a result of his employment as a polisher with appellee Scott Fetzer Company. Appellee Industrial Commission of Ohio later allowed claimant's workers' compensation claim for bilateral hearing loss.

{¶ 2} In 1990, claimant applied for permanent partial disability compensation pursuant to R.C. 4123.57(A). A district hearing officer denied compensation. Citing *State ex. rel. Hammond v. Indus. Comm.* (1980), 64 Ohio St.2d 237, 18 O.O.3d 438, 416 N.E.2d 601, the commission, in denying reconsideration, affirmed the district hearing officer's order because claimant had not sustained a total hearing loss.

{¶ 3} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying him permanent partial disability compensation. The court of appeals, also citing *Hammond*, denied the writ.

{¶ 4} This cause is now before this court upon an appeal as of right.

————————————

*Friedman & Stern* and *Mitchell A. Stern*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Cheryl J. Nester*, Assistant Attorney General, for appellee Industrial Commission.

*Rademaker, Matty, McClelland & Greve, Robert C. McClelland* and *Christopher J. Klym*, for appellee Scott Fetzer Company.

———————————

*Per Curiam.*

{¶ 5} A single question is presented: Does R.C. 4123.57 permit an award for permanent partial disability compensation for partial hearing loss? Upon review, we find that it does not.

{¶ 6} Former R.C. 4123.57, at the time of loss herein, read:

"(A) The district hearing officer, upon such application, shall determine the percentage of the employee's permanent disability, except such as is subject to division (B) of this section, based upon that condition of the employee resulting from the injury or occupational disease and causing permanent impairment evidenced by medical or clinical findings reasonably demonstrable.* * *

"(B) In cases included in the following schedule the compensation payable per week to the employee shall be sixty-six and two-thirds per cent of his average weekly wage, but no more than a maximum equal to the statewide average weekly wage * * * per week * * * and not less than forty per cent of the statewide average weekly wage * * * and shall continue during the periods provided in the following schedule:

"* * *

"For permanent and total loss of hearing of one ear, twenty-five weeks; but in no case shall an award of compensation be made for less than permanent and total loss of hearing of one ear."

**{¶ 7}** In *State ex rel. Hammond v. Indus. Comm.* (1980), 64 Ohio St.2d 237, 18 O.O.3d 438, 416 N.E.2d 601, we addressed a nearly identical question to that posed today. There, we held[1]:

"R.C. 4123.57 (C) provides an extensive schedule of specific awards to be made in a number of common, easily identifiable situations. Division (B) allows the determination of compensation in those instances where an uncommon injury occurs, one which does not fall within one of the specific categories contained within division (C).

"When thus viewed, the preliminary language of (B) becomes clear as a prescription to read the two divisions together. Any disability specifically provided for under (C) is not subject to compensation under the provisions of (B) to the extent that compensation is provided for in (C). Where an injury is not provided for under (C), then resort may be had to (B) to determine what compensation, if any, the injured worker is entitled to. Regarding an injury related to hearing, as with sight, the General Assembly has specified in (C) a threshold injury level, below which no compensation will be allowed.

"The effect of this scheme on the cases presently before us is clear. The fallacy in the argument of the appellants is to presume that no work-related permanent partial disability will be uncompensated. The General Assembly, however, has specified that no compensation will be paid under divisions (B) or (C) in the event of a partial loss of hearing, and it is our duty to enforce the scheme as it is designed." *Id*. at 240-241, 18 O.O.3d at 440-441, 416 N.E.2d at 604.

**{¶ 8}** Claimant argues that *State ex rel. Maurer v. Indus. Comm.* (1989), 47 Ohio St.3d 62, 547 N.E.2d 979, modified *Hammond* so as to permit the payment of

---

1. R.C. 4123.57 was amended on August 22, 1986 (141 Ohio Laws, Part I, 718, 767-773). Former R.C. 4123.57(A), which compensated for impaired earning capacity, was eliminated, and former sections (B) and (C) were relettered (A) and (B), respectively. Statutory references in *Hammond* are to the former paragraphs of R.C. 4123.57.

permanent partial disability compensation for less than permanent total hearing loss. We disagree.

{¶ 9} *Maurer* involved a claimant with a leg injury who had received a permanent partial disability award under former R.C. 4123.57(B), now 4123.57(A). When his condition later deteriorated, he successfully sought compensation under former R.C. 4123.57(C), now 4123.57(B). At issue is whether the amount awarded under former section (C) was to be offset by the amount previously paid under former section (B).

{¶ 10} We held in the affirmative, citing *Hammond* for the proposition that dual awards under former R.C. 4123.57(B) and (C) could not be paid for the same condition. Claimant apparently interprets this as a directive that claimants with permanent partial disability are guaranteed an award, if not under one section, then the other. *Maurer*, however, cannot be so construed.

{¶ 11} Unlike the hearing loss currently at issue, the leg injury suffered in *Maurer* did not have a statutory threshold level of impairment upon which compensation was contingent. Neither relevant statutory provision in *Maurer* contained a restriction as to the amount of impairment necessary to sustain an award of compensation under R.C. 4123.57 for an injury to the leg that did not involve amputation or loss of use. This is not the case with the hearing loss. R.C. 4123.57(B) expressly limits compensation to those suffering a permanent and total hearing loss. Therefore, claimant Maurer's ability to receive a permanent partial disability award in *Maurer* does not translate into a similar ability by claimant Dingess to do so in this case.

{¶ 12} We find, therefore, that *Hammond* is still controlling, and affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

January Term, 1998

_____